# Ellis *v.* Casey & Co.

## *Assumpsit.*

(Decided May 7, 1912. 58 South. 724.)

1. *Appeal and Error; Review; Questions Presented.*—Where the record of the appeal does not contain the allegations of the amended complaint as to the custom fixing the weight of bales of cotton, the ruling on the admission of evidence thereon cannot be reviewed.

2. *Custom and Usage; Contracts.*—A notorious custom or usage as to the weight of bales of cotton will suffice to remove ambiguity in a contract for the sale of a stipulated number of bales, when shown to have been known to the parties, or to be general and notorious.

[Ellis v. Casey & Co.]

3. *Evidence; Opinion Evidence; Market Value.*—Although a witness does not base his opinion as to the market value of a commodity at a certain time, exclusively on actual transactions in such commodity of which he is cognizant, his testimony is competent if based in part upon market quotations and reports.

4. *Witnesses; Refreshing Memory.*—Where a witness's memory as to the market value of cotton at a particular time was refreshed by private memoranda of dealings with parties with whom defendant had had no connection, such memoranda were not admissible in evidence against defendant.

5. *Sales; Breach; Damages.*—Where the action is for a breach of contract for the sale of cotton, the measure of damages to the buyer is the difference between the market value of the commodity and the contract price at the time of the breach.

6. *Damages; Nominal Damages.*—Where the evidence showed a technical breach of the contract for the sale of cotton, it was improper to instruct the jury that the plaintiff was not entitled to a verdict even for nominal damages.

APPEAL from Dale Circuit Court..

Heard before Hon. H. A. PEARCE.

Action by W. L. Casey & Co. against J. T. Ellis for breach of contract of sale of a stipulated number of bales cotton. Judgment for plaintiff and defendant appeals. Reversed and remanded.

H. L. MARTIN, for appellant. The court erred in permitting it to be shown that the contract was made with reference to the custom and usage fixing the weight of a bale of cotton at 500 pounds.—150 Ala. 126; 54 South. 204. The witness was not competent to testify as to the market price of cotton.—169 Ala. 229.

J. E. ACKER, for appellee. There was no objection to the evidence as to custom and usage relative to the weight of a bale of cotton, and the evidence offered sufficiently established the general notoriety of such custom.—*E. T. V. & G. v. Johnson,* 75 Ala. 596; *Herring v. Skaggs,* 73 Ala. 446.

WALKER, P. J.—This was an action against the appellant for damages for his alleged failure to deliver

any part of 10 bales of cotton which, by written contract with the appellees, he agreed to deliver to them at Ozark, Ala., within a stated period " at eleven (11) cents per pound, basis Liverpool good middling; the differences in grades are to be whatever the prevailing differences are with ourselves and other shippers at the time the cotton is delivered." It appears from the minutes of the court that the complaint was amended; and some of the grounds of the demurrer interposed to the complaint, as amended, indicate that there was an amendment by the addition of allegations in reference to a custom or usage of the cotton trade, by which, in contracts for the purchase or the sale of cotton, a bale of cotton is understood to mean one of 500 pounds, in the absence of a specific stipulation as to weights. But the original complaint contains no allegation in reference to any such usage or custom; and no amendment to it is set out in the record.

Many exceptions were reserved to the rulings of the court on objections to evidence offered by the plaintiffs. Those in reference to the testimony offered to prove the existence of a custom or usage, under which the provision in the contract for the delivery of 10 bales of cotton would be taken to mean that number of bales weighing 500 pounds each, cannot be intelligently reviewed, because of the absence from the record of the allegations on the subject contained in the complaint as it was amended. It may be said, however, that, under appropriate allegations on the subject, such an ambiguity in the terms employed in a contract in describing its subject-matter may be removed by evidence of the existence of a custom or usage, shown to be known to the parties, or to be so general and notorious as to raise a presumption that they contracted in reference to it, of attaching to the descriptive term used in the contract

[Ellis v. Casey & Co.]

a certain and definite meaning.—*Elmore, Quillan & Co. v. Parrish Bros.*, 170 Ala. 499; 54 South. 203; *Buyck & Cain v. Schwing, surv. partner*, 100 Ala. 355, 14 South. 48.

The contract is not of doubtful meaning as to the feature of it which is material in arriving at a basis for the measurement of the damages the plaintiffs may have sustained by its breach. It entitled the plaintiffs to 10 bales of cotton at 11 cents per pound for the grade known in the Liverpool market as "good middling;" appropriate provision being made for the price to be paid for so much of the cotton delivered as might be above or below that grade. The plaintiffs' witness Byrd, after having stated that he was familiar with the prices of cotton and kept up with the market, testified as to the price of the grade of cotton referred to as Liverpool good middling on the date and at the place of delivery named in the contract. It having been developed on cross examination that the statement of the witness of the price of the grade of cotton referred to was based upon quotations of the prices in the Liverpool market, and upon records kept by himself of purchases of cotton at the time and place inquired about, the defendant moved to exclude his statement as to the market price, on the ground, among others, that it appeared that the witness did not have sufficient knowledge to testify about the matter. The court was not in error in overruling this motion. It is not a ground for excluding the testimony of a witness as to the market value of a commodity that this opinion is based, not exclusively on actual transactions of which he was cognizant, but also upon market reports and quotations, which are recognized sources of information on such a subject.—*Sission v. Cleveland & T. Ry. Co.*, 14 Mich. 489, 90 Am. Dec. 253;

*Hudson v. Northern Pacific Ry. Co.,* 92 Iowa, 231, 60 N. W. 608, 54 Am. St. Rep. 550; Jones on Evidence, § 582.

For the purpose of refreshing his recollection, the plaintiffs' witness Byrd examined book entries made by himself of sales of cotton on the date inquired about, and then stated his recollection of the price prevailing at that time. Against objections duly interposed by the defendant, the plaintiffs were then permitted to elicit from the witness statements to the effect that those entries correctly showed the price paid for cotton on that day, and to introduce in evidence the entries themselves. Such private memoranda in reference to dealings with other parties, with which the defendant was in no way connected, were not admissible as independent evidence against him.—*Nashville, Chattanooga & St. Louis Ry. v. Parker & Co.,* 123 Ala. 683, 27 South. 323; *Minniece v. Jeter,* 65 Ala. 222; Jones on Evidence, § 574; 17 Cyc. 399.

The foundation of the plaintiffs' claim to damages must be the fact that the cotton for which they contracted at a specified price was worth more than that price when and where the contract entitled them to receive it. They could not have suffered loss by the defendant's alleged breach of the contract, unless the market price at that time and place was higher than the contract price. Without reasonably satisfactory evidence as to what that market price or value was, the jury would not have the necessary data for an ascertainment of the amount of the plaintiffs' loss or damage. While this is true, the requested written charges on that subject were properly refused, because under them the plaintiffs could not have had a verdict in their favor for even nominal damages, though a breach of the contract sued on was shown by the evidence.

Reversed and remanded.