# Smith *v.* Wilson Mercantile Company.

## *Assumpsit.*

(Decided November 19, 1912. 60 South. 484.)

1. *Gaming; Illegal Contract; Complaint.*—The second count of the complaint in this case was not subject to demurrer that the contract was void as contravening the law against dealing in futures.

2. *Same; Pleading.*—Where the plea alleged that it was not intended that the cotton should actually be delivered and the value paid, but that it was understood that money or other things of value should be paid by one party to the other, and that the payee and the amount of the money should be made to depend upon whether the market price of the cotton was greater or less at the time specified than the price stipulated, and that no money or thing of value was paid defendant when the contract was made, it was sufficient to charge that the contract was void under the statute, (Sec. 3349, Code 1907).

3. *Sales; Breach; Complaint.*—Count 2 of the complaint in this case is not subject to demurrer for not showing how plaintiff was

damaged by non delivery, or in what way the damages could be ascertained under the contract.

4. *Same; Quality of Goods.*—Where the contract contemplated that cotton should be of the crop of 1909, gathered before Dec. 15th of that year, the quality was intended to be that usually grown in the seller's neighborhood, and gathered prior to the date named.

5. *Same; Evidence; Parol Evidence.*—Where the contract for the sale of cotton, did not specify the weight of the bale, it was competent to show under the allegations of the complaint, that the bales contemplated were of the customary weight, and what that weight was.

6. *Same.*—The evidence in this case held to authorize a finding that the parties contracted for the sale of six bales of cotton of customary weight, and average grade in the neighborhood, gathered before Dec. 15th, 1909.

7. *Same; Offer and Acceptance.*—Where the action was for breach of a contract to deliver cotton, it was admissible to show that the buyer was making an open fixed offer for cotton upon certain terms, and that the seller went to the office of the buyer and put down six bales on a cotton contract, and had a memorandum thereof made in the buyer's book.

8. *Same; Existence of Contract; Evidence.*—It was competent to show that it was a matter of common repute in the seller's neighborhood that the buyer was making a fixed, open offer to purchase cotton, as well as the terms offered, to show that the seller knew of the offer.

9. *Evidence; Similar Fact.*—In an action by a buyer for breach of contract to deliver cotton, it was not competent to show that others contracted to sell their cotton to the buyer for 10 cents per pound delivered by a certain date, as showing that defendant made such a contract.

APPEAL from Franklin Circuit Court.

Heard before Hón. C. P. ALMON.

Action by the Wilson Mercantile Company against J. B. F. Smith. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The second count is as follows: "Plaintiff claims of defendant the sum of $135 as damages for the breach of a contract made and entered into on or about the 17th day of May, 1909, by which said J. B. F. Smith sold to the plaintiff six bales of cotton to be delivered not later than December 15, 1909, for which at the time of delivery plaintiff was to pay defendant the price of 10 cents per pound. Plaintiff avers that at the time of

making the contract the parties thereto had in contemplation the usual or customary bale of cotton in the Russellville market, which was the place of delivery, which customary bale weighed, to-wit, 500 pounds each, and of customary or usual grade known as middling; that defendant breached said contract, in this, that he failed to deliver said cotton as per said contract, and thereby plaintiff was damaged, in this, on the said 15th day of December, 1909, the price of such cotton in the Russellville market was much higher, and the plaintiff was thereby damaged in the sum of $135. And plaintiff alleges that at the time of the contract to deliver, and at all times during the continuance of said contract, plaintiff was ready, willing, and able to pay the contract price for said cotton, but defendant has failed to deliver the same, all to the plaintiff's damage."

The demurrers raise the question that the complaint does not show how or wherein plaintiff was damaged by the non-delivery; that the complaint does not set out or show in what way the damages, if any, could be ascertained; that it is uncertain and indefinite, in that it contains no terms from which the damages, if any, could be ascertained; that for aught that appears plaintiff was benefited rather than damaged; that the contract is void for uncertainty, in that it does not furnish any criterion by which damages can be measured for the breach of said contract; that it is uncertain, in that it does not set out or show what weight the said bales of cotton should be, which were included and referred to in said contract; and that the contract was void as against the laws dealing with futures.

Plea 7 is as follows: "Defendant says that the said alleged contract was an agreement to sell and deliver cotton by the defendant to the plaintiff at a specified time, but it was not intended by the parties thereto that

the cotton so sold or agreed to be sold and delivered should be actually delivered, or the value paid, but it was agreed and understood by and between said parties that money or other things of value should be paid by one party to the other. The party to whom such payment of money or other thing of value should be made to depend, and the amount of such money or other thing of value should be made to depend, upon whether the market price or value of the cotton so agreed to have been sold and delivered was greater or less at the time so specified than the price so stipulated to be paid and received for the cotton so to be sold and delivered, and no money or other thing of value was paid by plaintiff to defendant at the time it is alleged said contract was made."

CHENAULT & CHENAULT, for appellant. Count 2 was subject to the demurrer interposed.—*Howard v. E. T. V. & G.*, 91 Ala. 268; *Pulliam v. Schimpf*, 109 Ala. 184; Sec. 3349, Code 1907. Pleas 4 and 5 were good.—Section 2361, subd. 27, Code 1907. The court erred in sustaining demurrers to pleas 6 and 7.—*Hawley v. Bibb*, 69 Ala. 52; *Lee v. Boyd*, 86 Ala. 284; Secs. 3345 and 3349, Code 1907. The 9th plea was not subject to demurrer.—*Arnold & Co. v. Jones Cotton Co.*, 152 Ala. 501. The court was in error in permitting evidence that it was generally known that plaintiff was making an open, fixed offer for cotton, and that defendant went in and had his contract enrolled.—*Langworthy v. Goodall*, 76 Ala. 325; *Hartsell v. Masterson*, 132 Ala. 275. The defendant was entitled to the affirmative charge.— *Elmore-Quillan Co. v. Parrish Bros.*, 170 Ala. 499.

WILLIAMS & JONES, for appellee. No brief came to the Reporter.

PER CURIAM.—The second count of the complaint (which the reporter will set out) was not subject to the demurrer which was interposed to it by the defendant in the court below.—*Elmore, Quillian & Co. v. Parrish Bros.,* 170 Ala. 499, 54 South. 203; *Davis v. Adams,* 18 Ala. 264; *Berry v. Nall & Duxberry,* 54 Ala. 446.

2.   Section 3349 of the Code of 1907 declares in substance, among other things, that every contract whereby any person, firm, or corporation shall agree to sell and deliver to any other person, firm, or corporation, any cotton at a place and time agreed upon, if it is not intended by the parties to such agreement that the cotton is to be actually delivered or the value thereof paid, but that money or other thing of value shall be paid to the one party by the other, or to a third party, the party to whom such payment of money or other thing of value shall be made to depend, and the amount of such money or other thing of value to depend, upon whether the market price or value of the cotton so agreed to be sold and delivered is greater or less at the time and place so specified than the price so stipulated and received for the cotton, shall be null and void. We think that plea 7, which the reporter will set out, shows with sufficient clearness that the transaction between the parties to this suit and which is the foundation of this action was offensive to the above section of our Code, and that the trial court therefore erred in sustaining the plaintiff's (here appellee's) demurrer to said plea.

3.   We gather from this record that in the spring of 1909 the plaintiff, the Wilson Mercantile Company was offering a fixed price of 10 cents per pound for cotton raised that year near Russellville, the cotton to be delivered in bales in the fall and winter of 1909, but not later than December 15th, and to be paid for when delivered. The plaintiff claims that the defendant, who is a farmer,

made an agreement to deliver to it six bales of cotton which the plaintiff agreed to buy at the above price, that he agreed to deliver the cotton by December 15th, that he failed to deliver the cotton as agreed, and that, as cotton was worth much more than 10 cents per pound on December 15th, the plaintiff was damaged to the extent of $135 by reason of the defendant's breach of his contract. The contract—if one was made—was silent as to the number of pounds which the bales were to weigh, and also as to the grade of the cotton. As the cotton was evidently intended by the parties to come from the crop of 1909 gathered prior to December 15, 1909, we think, if the contract was made as claimed, that the quality of the cotton—its grade—was intended to be of that quality usually grown in the defendant's neighborhood and gathered prior to December 15th.—*Davis v. Adams, supra; Elmore, Quillian & Co. v. Parrish Bros., supra.*

As the contract, if made, did not specify the weight of the bales, we think, under the averments of the complaint, the plaintiff had a right to show by evidence, if he could do so, that the bales contemplated by the plaintiff and the defendant, when the contract was made, if it was made, were bales of the usual and customary weight, and also what the usual and customary weight of a bale of cotton is.—*Davis v. Adams, supra; Elmore, Quillian & Co. v. Parrish Bros., supra.*

It appears from the bill of exceptions that, if the contract set up in the complaint was in fact made, it was made in the following way: The defendant, in May, 1909, walked into the office of the plaintiff and saw the bookkeeper, Malone, and, according to the testimony of Malone, said "he wanted to put down six bales on a cotton contract, to put in six bales. He did not sign it, but authorized me to sign it. I do not remember whether

[Smith v. Wilson Mercantile Company.]

I made any explanations to him as to the conditions under which we were buying cotton. There was no agreement between the defendant and witness as to the weight or grade of the cotton." Malone further testified that he did not know whether anything was said between the witness and defendant as to the price of the cotton or the time when it was to be delivered. The above book was not introduced in evidence, and we do not know what light, if any, that book will shed on the question as to whether, on the occasion named, a valid contract between the parties was or was not made. The above conversation, *without more,* does not show a contract. If the plaintiff in the spring of the year was offering to buy cotton from the people in defendant's neighborhood, to be delivered in the fall not later than December 15th, at a *fixed* price of 10 cents per pound, the cotton to be delivered in bales, and if the defendant, when he had the alleged conversation with Malone, *knew* those facts, then we think that there are circumstances from which a jury may infer that, by virtue of the conversation, the plaintiff contracted to buy and the defendant contracted to sell to the plaintiff six bales of cotton of customary weight and of the average grade of cotton grown in his neighborhood and gathered prior to December 15th.—*Davis v. Adams, supra.*

If it be true that, at the time of the alleged conversation with Malone, the plaintiff was *making a fixed offer for cotton upon the terms above stated,* that fact can be shown by legitimate evidence. For the purpose of adducing evidence tending to show that the defendant *knew* that the offer was being made and the terms of the offer, it may be shown by evidence to have been a matter of common repute in the defendant's neighborhood that such offer was being made and the terms

of such offer.—*Martin v. State,* 2 Ala. App. 175, 56 South. 64.

The mere fact, however, that other people made contracts to sell their cotton to the plaintiff at 10 cents per pound, the cotton to be delivered not later than December 15, 1909, had no tendency to show that defendant made such a contract, was irrelevant, and the court committed a reversible error in permitting that evidence to go before the jury.—*Langworthy v. Goodall, McLester & Co.,* 76 Ala. 325.

5. This record contains 49 assignments of error. We have considered only a few of them, as we are of the opinion that the views above expressed, when read in connection with the principles announced in *Davis v. Adams, supra, Berry v. Nall & Duxberry, supra, Elmore, Quillian & Co. v. Parrish Bros., supra, and Martin v. State, supra,* will be a sufficient guide to the trial court on the next trial of this case, if one is had.

Reversed and remanded.

NOTE.—The foregoing opinion was prepared by Judge DE GRAFFENRIED, while he was a judge of this court, and is adopted by the court.