# Sloss-Sheffield Steel & Iron Co. *v.* Payne.

## *Assumpsit.*

(Decided February 12, 1914.  64 South. 617.)

1. *Pleading; Explanation of Terms.*—A pleader who would state a cause of action in which there is a factor susceptible of identification by the employment of a term having a significance peculiar to the parlance of a particular business, service or relation, is not obliged to explain or define in his pleading the meaning or effect of the terms so used.

2. *Contracts; Instructions; Meaning of Term.*—Parties contracting in terms of familiar meaning in respect to a particular business, service or relation, to impose mutual obligations, are not required to explain or define such terms in their contract; the presumption being

that parties contract with reference to such meaning, and the courts construing their contract will consult the authorities in that particular business, etc.

3. *Same; Certainty; Outcrop.*—The contract examined and held too indefinite and uncertain in respect to its subject matter or area to be enforcible.   While the word "outcrop" is a term within the common parlance in mineral operations in this state, and generally speaking, comprehends the particular place and character of manifestations of mineral strata, of itself it is not definite of quantity or area in respect to the mineral, and used as a noun it describes that part of the mineral strata which lies at or near the surface, but alone does not define or describe the point or line from the outer edge of the strata at which it can be said the outcrop ends; and the word "all" and the dependent terms "six feet of big seam ore" and "six feet of the outcrop of the big seam ore," added nothing to the certainty of the quantity of ore to be mined and delivered, nor did the fact that plaintiff delivered and was paid for many tons of ore relieve of such uncertainty.

4. *Same; Evidence; Subject Matter.*—While the application of the description of the subject matter may be aided aliunde, the description itself must be definite, and a valid contract must describe the subject matter thereof with definiteness and certainty.

5. *Damages; Profits; Jury Question.*—Under the evidence in this case the measure of plaintiff's loss of profits was for the jury.

6. *Corporations; Agent's Authority; Jury Question.*—Under the evidence in this case the issue of fact as to whether the contract was made by a representative authorized to bind the corporation, was for the jury.

APPEAL from Birmingham City Court.

Heard before Hon. W. M. WALKER.

Action by J. B. Payne against the Sloss-Sheffield Steel & Iron Company for damages for breach of contract.   Judgment for plaintiff and defendant appeals. Reversed and remanded.

TILLMAN, BRADLEY & MORROW, and JOHN S. STONE, for appellant.   The court erred in overruling demurrers to the sixth count of the complaint.—*Elmore-Q. & Co. v. Parrish Bros.*, 54 South. 203; 1 Chitty's Pld. 209; *Red O. C. Co. v. Graves,* 56 South. 506; *Christy, et al. v. Patton,* 148 Ala. 324; *Pulliam v. Schimpf,* 109 Ala. 179.   On the same authorities, demurrers should have been sustained to count 7 as amended.   Counsel discuss assignments of orrer relative to evidence, but without

[Sloss-Sheffield Steel & Iron Co. v. Payne.]

further citation of authority. It was not shown that the party making the contract was authorized to do so, and hence, no ratification is shown.—*Dixon v. Bamberger & Co*, 107 Ala.. 293. Appellee was not entitled to recover profits under the evidence.—*Bromberg v. Eugenotto Co.*, 162 Ala. 359; *Dickerson v. Findley*, 158 Ala. 160; *Webb v. McFarland*, 58 South. 460, and cases cited. Defendant was entitled to the affirmative charge.—*Sampson v. Fox*, 109 Ala. 671; *Eagle I. Co. v. Baugh*, 147 Ala. 612; *Crone v. Long*, 159 Ala. 488.

STALLINGS & DRENNEN, for appellee. The contract was not void for uncertainty, since the terms therein employed have a well defined meaning in mining parlance.—26 N. W. 887; 5 Words & Phrases, 5118; 23 Fed. 43. Courts will construe a contract so as to render it enforceable and valid, rather than otherwise, and will give it that construction which will accomplish the intention of the parties.—117 N. W. 184; 86 S. W. 558; *C. L. Co. v. McLure L. Co.*, 61 Ala. 821. The acts of the parties under contract will aid in its determination.—*Turner v. Hartsell*, 58 South. 950. The profit that Payne had in the contract was an element of damage, and its determination was for the jury.—*Danforth v. Tenn. Co.*, 93 Ala. 614, s. c. 112 Ala. 82; *Worthington v. Gwin*, 119 Ala. 44. The principal is bound by the express authority given an agent and by such authority as may be implied from the agency.—*Patterson v. Neal*, 135 Ala. 482; *Gilliland v. Dunn*, 136 Ala. 329. Notice to an agent in the line of his business is notice to his principal.—*Kelly v. Burke*, 132 Ala. 244.

McCLELLAN, J.—Action by appellee against appellant, for damages for the breach of a contract, as averred in amended counts 6 and 7, to extract ore from the

property of the defendant and deliver it on cars at a stipulated price per ton.

The contract alleged in amended count 6 is this: "* * * That the plaintiff should go upon the land of the defendant and open what is commonly known as the Ida ore and Big Seam ore, and quarry therefrom and furnish to defendant all the outcrop of said Ida ore and six feet of the Big Seam ore thereof, at a rate of from one to ten cars a day, and for which defendant agreed to pay plaintiff 60 cents a ton, for said ore."

The contract alleged in amended count 7 is this: "* * * Defendant employed plaintiff to get out for and furnish to defendant all the outcrop ore contained in what is known as the Ida ore and six feet of the outcrop of the Big Seam ore, in the property of the defendant, at the price of 60 cents a ton." The breach charged is alleged to have been expressed in the affirmative direction, of the defendant, to the plaintiff, to cease operations, under the contract averred, which when ordered stopped, had continued for approximately four months.

Consistent with appropriate grounds of demurrer, it is urged against these counts that the contracts therein averred are too indefinite and uncertain to afford the bases for an actionable breach thereof. This criticism is visited upon the contracts averred because of the asserted vital uncertainty in respect to the term "outcrop," and, also, in respect of the related reference to "six feet of the Big Seam ore." We do not understand that it is obligatory on a pleader, who would state a cause of action in which there is a factor susceptible of identification by the employment of a term having a significance peculiar to the parlance of a particular business, service, or relation, to explain or define in his pleading the meaning or effect of the term so used. And, further, we do not understand that parties contracting in terms

[Sloss-Sheffield Steel & Iron Co. v. Payne.]

of familiar significance in respect of a particular business, service, or relation must, in order to impose mutual obligations by their respective engagements, explain or define in their contracts terms which, to those uninformed as the contracting parties are, may have no meaning or tangible effect. In such cases, the presumption necessarily is that parties engage with reference to the understood, peculiar meaning and effect of at least quasi technical terms. When the courts come to perform their functions in determining rights and obligations under contracts containing technical terms, they will consult the authorities in that particular field, and so advise the judicial judgment.

"Outcrop" is a term within the common parlance of mineral operations in this state. Abstractly considered, these explanations of the term have been accepted elsewhere: "The definition of the word 'outcrop' as used in mining law is 'given by one learned author (Geike) as the edges of strata which appear at the surface of the ground, and by another (Van Cotta) as that portion of a vein appearing at the surface.' It is defined by Dr. Raymond in his Glossary as the portion of a vein or strata emerging at the surface or appearing immediately under the soil and surface debris."—*Duggan v. Davey,* 4 Dak. 110, 26 N. W. 887, 896. See, also, *Stevens v. Williams,* 23 Fed. Cas. 43; Standard Dictionary. In *Stevens v. Williams, supra,* it is said: "The word 'outcrop' has been used in connection with it, and in the true definition of the word 'outcrop,' as it concerns a vein, is probably an essential part of the definition of its apex or top; but that does not mean the strict use of the word 'outcrop.' That would not, perhaps, imply the presentation of the mineral to the naked eye, on the surface of the earth; but it means that it comes so near to the surface of the earth that it is found easily by dig-

ging for it, or it is the point at which the vein is nearest to the surface of the earth; it means the nearest point at which it is found towards the surface of the earth. And where it ceases to continue in the direction of the surface, is the top or apex of that vein."

While, as thus appears, the term, "outcrop," has, in general, distinct meaning in mining law—a significance that comprehends the particular place and character of manifestation of mineral strata or vein—there is in the term itself, no quality definitive of quantity or area in respect of the mineral. As a noun, and so we have its use here, it describes that part of a mineral strata that lies at or near the surface of the earth. At what point, at what line—from the outer edge of the strata, which necessarily retreats, in progression, beneath the earth's surface—the term "outcrop" alone does not define or describe. While its general meaning is well understood, its service to define contractual rights and obligations is, alone, negligible. It is too indefinite.

The subject-matter of a contract is, of course, an essential element thereof. A valid contract must describe the subject-matter thereof with definiteness and certainty. It cannot leave the designation of the subject-matter at large, and yet bind the parties. The application of the contract's description of the subject-matter may be aided aliunde, but the contract's description of the subject-matter must designate, must define. The obligations assumed by parties attempting to contract depends upon the duty each undertakes with reference to the subject-matter thereof; and, if, in undertaking to engage, the matter with reference to which the duty is to be performed is left uncertain, indefinite, there is the absence of an indispensable element to effectually bind the parties. Outcrop of ore, on defendant's property, in the Ida and Big Seams, was the object of the intent

of the parties to the engagement, as set out in amended counts 6 and 7. The pleader did not undertake, in any degree, to set boundary to the subject-matter of the engagement attempted by the parties. He did not assume to interpret the description of subject-matter in respect of the quantity or area of ore comprehended in the terms used. He was content to leave the subject-matter no more particularly described than the expression "all the outcrop" of certain seams would afford. The principle illustrated in *Elmore, Quillan & Co. v. Parrish Bros.,* 170 Ala. 499, 54 South. 203, has, in our opinion, application here. There the contract, as pleaded, omitted the essential averment of the separate weight of each bale of cotton the subject of the agreement. The pleading was found faulty on that account. Here, the pleading is omissive in respect of the quantity or area of ore with reference to which the parties sought to engage. Evidence cannot furnish a sufficient substitute for allegation in such cases. Allegation must precede, and, preceding, invite evidence. But, if we consult the evidence in this record on the subject of the outcrop here involved, the indefiniteness, as respects quantity or area, is strongly emphasized. It appears, affirmatively, that what is outcrop, its extent or boundary, is a matter of individual judgment—a judgment that, when exercised, separates, selects that which in fact is outcrop from that, of the same seam, which is not outcrop.

The word "all," employed in the counts in stating the contract, has no force to render more certain, as to quantity, the amount of ore stipulated for extraction and delivery. All outcrop only comprehends the entire outcrop; but how far into or under the soil or debris the outcrop would extend before it ceased to be outcrop is unspecified. And the phrase "six feet of the Big Seam ore," in the sixth count, and the phrase "six feet of the

outcrop of the Big Seam ore," are, as is manifest, alike ineffectual to impart requisite certainty to the contracts as averred. Each phrase depends, in respect of sufficient allegation of definiteness and certainty, upon the outcrop for the removal and delivery of which the parties sought to engage. The outcrop being uncertain, indefinite, as averred, the entire dependent terms could add nothing to the certainty requisite, but absent, in the particular indicated. The fact that under said contract the plaintiff delivered and was paid for many tons of the ore cannot avail to avert the uncertainty of the contract in this particular. Such action of the parties was, doubtless effective to show what they conceived the contract to mean, as well as to support the asserted fact that a contract had been undertaken to be made by them. But the acceptance by defendant of ore extracted from the outcrop manifestly did not impart into an uncertain term, "outcrop"—of the contract—the degree of certainty essential to make it valid and binding.

Our conclusion is that the court erred in overruling the demurrer to amended counts 6 and 7.

Another general proposition pressed for appellant is that touching the sufficiency of the evidence to justify a recovery of profits that are claimed to have been lost to plaintiff in consequence of the breach of the contract.

The following authorities lay down the rules for the admeasurement of damages applicable to this case: *Tenn. R. Co. v. Danforth*, 112 Ala. 82, 20 South. 502; *Worthington v. Gwin*, 119 Ala. 44, 24 South. 739, 43 L. R. A. 382; *Hardaway-Wright Co. v. Bradley Bros.*, 163 Ala. 496, 51 South. 21.

There was evidence which, if credited, afforded sufficient data to enable the jury to ascertain with reasonable certainty the amount of ore in the territory surveyed by Mr. Lea; the cost, per ton, of extracting and haul-

ing it to the cars at Hiawatha siding, including the cost of preparation for so removing the ore; and the price per ton plaintiff was to receive for the work. Aside from the absence of absolute certainty in respect of the amount of ore in the area surveyed by Mr. Lea, neither the evidence nor the common judgment with which courts must consider such matters disclose or suggest such elements of uncertainty as would justify the affirmation that by no reasonably satisfactory, certain means could the profits lost to plaintiff, if such be suffered, be susceptible of ascertainment. The court correctly left this inquiry to the jury's consideration and decision.

Likewise, there was no error in submitting this issue of fact to the jury: Whether the contract in question was made by a representative of the defendant who was authorized—as the law treats authorization to that end when the rights of third parties are involved—to bind the defendant in the premises. The principles announced in the following authorities vindicate the court's action on this aspect of the case.—*Syndicate v. Catchings,* 104 Ala. 187, 16 South. 46; *Patterson v. Neal,* 135 Ala. 482, 33 South. 39; *United States Ins. Co. v. Lesser,* 126 Ala. 568, 28 South. 646; *British, etc., Co. v. Cody,* 135 Ala. 622, 33 South. 832; *Bibb v. Hall,* 101 Ala. 79, 14 South. 98.

For the error in overruling the demurrer to amended counts 6 and 7, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and SOMERVILLE, JJ., concur.