(92 South. 431)

### F. L. McKENZIE MERCANTILE CO. v. LAND. (5 Div. 821.)

(Supreme Court of Alabama. April 20, 1922.)

Sales ☞1(4)—Sale of all of stock of goods except "junk" held too indefinite as to subject-matter.

A contract of sale of all of a stock of goods except the "junk," meaning a considerable portion of the stock which had been long on hand, the picking out of the "junk" to be done by a person agreeable to both parties, was too uncertain as to subject-matter to be enforced.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Junk.]

Appeal from Circuit Court, Elmore County; B. K. McMorris, Judge.

Action by P. S. Land against the F. L. McKenzie Mercantile Company, a copartnership. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Reversed and remanded.

McKenzie & Woodall, of Tallassee, for appellant.

No contract was reached between the parties, and hence there was no contract to be reached. 13 C. J. 263–266; 111 Mich. 196, 69 N. W. 515; 133 Ala. 539, 31 South. 967; 21 Ala. 145, 89 Ala. 262, 7 South. 115; 121 Ala. 621, 25 South. 579. The defendants were entitled to the affirmative charge. Authorities supra.

T. G. Hilyer, of Tallassee, and Holloway & Hill, of Montgomery, for appellee.

The contract was breached, and the judgment should be affirmed. 184 Ala. 301, 63 South. 994; 13 Wall. 235, 20 L. Ed. 617; 193 Ala. 525, 68 South. 971.

SAYRE, J. Appellant and appellee negotiated for a week or two concerning the sale of the former's stock of goods to the latter. Finally, according to appellee's theory of the case, there was an agreement for a sale on the basis of an inventory to be taken at 80 per cent. of invoice prices, but this agreement was not for the sale of the entire stock. "Junk"—undefined in the terms of the alleged contract, but meaning, as we infer, some considerable part of the stock which had been long on hand—was to be separated from the rest of the stock according to the judgment of a person agreeable to the parties. This was never done. When the appellee went to the store on the next secular day, he affirmed his discovery of the fact that in the meantime parts of the stock he most desired—though he did not know what —had been removed, and thereupon, without more, commenced this action as for a breach of the contract of sale. Appellant denied any contract, denied that the transaction had even passed the stage of negotiation, and, however that may have been, affirmed that appellee was informed that certain parts of the stock would be removed. Our judgment is, on appellee's testimony, that the consideration for appellee's promise to pay—that is, the goods he was to get—was too uncertain as to support a contract; in other words, the subject-matter of the alleged contract must be agreed upon with certainty. Sloss-Sheffield Co. v. Payne, 186 Ala. 341, 64 South. 617. This, in the case before us, was not done by reason of the reservation or exception from the stock to be sold of "junk" to be ascertained. For this reason appellant

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

was entitled to the general affirmative charge which was requested in due form.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.