### JARVIS et al. v. CRISP, Judge, et al.
### No. 12324.

Court of Civil Appeals of Texas. Dallas.
May 30, 1936.

Preston Calvert, of Grand Saline, for relators.

Wynne & Wynne, of Wills Point, and Vinson, Elkins, Sweeton & Weems and C. E. Bryson, all of Houston, for respondents.

LOONEY, Justice.

This is an original application for mandamus to require Hon. G. O. Crisp, district judge, to render judgment according to the verdict of the jury. We do not deem it necessary to make an extended statement of the pleadings; suffice it to say that relators sued the Pure Oil Company and the Van Salt-Water Disposal Company, to recover damages alleged to have resulted from the negligence of the defendants in permitting salt water to overflow land of relators, destroying crops growing thereon.

On proper submissions, the jury found defendants guilty of actionable negligence, as alleged, and that a portion of·the cotton growing on the land in 1934 was overflowed by salt water and destroyed. The issues and answers of the jury brought under review are these:

"Special Issue No. 7. What do you find from a preponderance of the evidence·was the yield of plaintiffs' land in cotton per acre for the year 1934? Answer in bales, or fractions thereof. Answer: 114 lbs. per acre.

"Special Issue No. 8. What do you find from a preponderance of the evidence would have been the yield of plaintiffs' land in cotton per acre, during the year 1934, but for the destruction by salt-water, if you have found any was destroyed by salt-water. Answer in bales, or fractions thereof. Answer: ¾ bales per acre.

"Special Issue No. 9. What do you find from a preponderance of the evidence to be the reasonable market value of cotton per pound of the kind and character grown on plaintiffs' land, at the time in question? Answer in dollars and cents. Answer: $13.60."

The contention of relator is that these findings, considered in connection with the undisputed evidence, established with sufficient certainty the amount of cotton destroyed as to require the court, as a simple ministerial duty, to render judgment in their favor.

The jury did not find the number of acres planted to cotton by relators in 1934, nor the number of bales actually gathered; however, the testimony of one of the interested parties was to the effect that 22 acres were cultivated in cotton, and that 5 bales were gathered. In this connection, relators contend that it was not necessary for the trial judge to take judicial knowl-

edge of the number of pounds of lint cotton in a bale, since by a simple calculation, illustrated by relators, the number of pounds per bale entering into the estimation of the jury was 501⅗. It is obvious, we think, that the trial judge did not adopt the reasoning nor reach the conclusion contended for by appellant, for, in his answer to the show-cause order, the statement is made that it was impossible to render judgment, because the evidence failed to establish the number of pounds of lint in a bale of cotton, and that there was no finding by the jury, enabling the court to determine the amount relators were entitled to recover.

We do not think we are authorized to require the trial judge to render judgment, as his duty was not purely ministerial. It may be conceded that the findings, aided by the testimony of the interested witnesses, would have authorized the court to find the amount of lint cotton destroyed; but the judge did not so find, and we cannot compel him to reach a conclusion on the facts without trenching upon his province as trial judge, to pass upon the credibility of the witness and the weight to be given the testimony.

That a mandamus will not issue to control the judicial discretion of a trial judge as to the nature or character of the judgment to be rendered, is well settled. It is only where the judge arbitrarily refuses to render judgment, in the face of findings by the jury of all necessary facts, that mandamus will issue to compel him to proceed to judgment. See Southland-Greyhound Lines v. Richardson (Tex.Com. App.) 86 S.W.(2d) 731 (and authorities cited); Dallas Ry. etc., Co. v. Watkins, (Tex.Civ.App.) 89 S.W.(2d) 420 (and authorities cited).

Respondent further answered that it was impossible to render judgment, in that there were no allegations or proof of a custom or usage of trade as to what an ordinary bale of lint cotton weighed, and that, in the face of the settled law of the state, he could not take judicial knowledge of that fact.

The trial court, in our opinion, correctly refused to take judicial knowledge of the number of pounds of lint cotton in a bale. See Brass v. Texarkana, etc., Ry. Co. (Tex.Com.App.) 218 S.W. 1040; Early-Foster Co. v. Tom B. Burnett & Co.

(Tex.Civ.App.) 224 S.W. 316; Elmore, Quillian & Co. v. Parrish Brothers, 170 Ala. 499, 54 So. 203.

Respondent answered further that, at the hearing of relator's motion for judgment, it was called to the attention of respondent that, in the main cause, defendants made timely request for the submission of special issues, raised by both the pleading and proof, requiring the jury to determine whether or not the alleged damage to the crop was caused by the dry weather or by being overflowed by salt water, therefore respondent concluded that prejudicial error was committed in refusing the requested issues.

We do not think the record presents a case for the issuance of mandamus; therefore the application is refused.

Mandamus refused.