60 So.2d 710

**NORTH ALABAMA ELECTRIC COOPER-
ATIVE v. BRYANT.**

**8 Div. 111.**

Court of Appeals of Alabama.
Oct. 7, 1952.

Jas. M. Proctor, Scottsboro, for appellant.

H. T. Foster, Scottsboro, and H. G. Bailey, Boaz, for appellee.

**HARWOOD, Judge.**

This is an appeal from a verdict and judgment in favor of the plaintiff in the court below.

The complaint contained one count, and claimed damages for "that prior to 31st day of July 1950, the defendant was engaged in the business of supplying and transmitting electric current for a reward, —that before such date plaintiff became and was a member, and as such entered into a contract with defendant to supply electric current to his residence and premises. That on said date—the said contract was in full force and effect, and under it defendant had been for a long time prior thereto supplying plaintiff with electric current and plaintiff had complied with, and upon said date was complying with, all of the requirements and provisions of said contract—and had in no way breached said contract. That on said date the defendant, without just cause or legal excuse, wilfully disconnected and cut off all electric current—from the dwelling and premises of plaintiff.

"As a proximate result of defendant's conduct, as aforesaid, the plaintiff has suffered great damage and inconvenience in and about his dwelling and premises, in this, to-wit: his supply of water has been cut off, he has been without lights,— heat for cooking, loss of food through lack of electric power to his refrigerator units," etc.

This count discloses that defendant, by contract, was under a legal obligation to furnish electric service to plaintiff on the date the service was discontinued; that plaintiff had in no way breached any of the terms of the contract, and that the electric service was wrongfully discontinued.

In Alabama Power Co. v. Henson, 238 Ala. 348, 191 So. 379, a complaint substantially similar to the one here considered was held adequate against demurrer.

The lower court in this case therefore properly overruled the demurrers filed to the complaint.

Appellant's assignments of error No. 1, that "The court erred in overruling defendant's demurrer to the complaint," and No. 4, that "The complaint was insufficient in averment to support the verdict and judgment based thereon," are without merit.

The sole factual question presented by the evidence was whether the plaintiff was indebted to defendant at the time the defendant cut off the electric current at plaintiff's residence.

The plaintiff denied that he was indebted and introduced a series of checks allegedly representing payment of all monthly bills received and due.

It appears that plaintiff had two accounts with the defendant, one for his residence, and one for his gin. The plaintiff testified that the gin account was in error, and he had written the defendant concerning this account, but contended neither account was in arrears at the time the current was cut off at his residence.

Mrs. Cox, defendant's bookkeeper, denied receiving any letters from the plaintiff.

The most material portions of Mrs. Cox's testimony is contained in the following excerpts from her testimony on direct and cross-examination:

"A. Mr. Bryant came in and asked to settle his bills. I looked up his residence bill and told him how much he owed. At that time our books were in Central Service for billing and his final billing had not come out and I asked if he would like to wait until the final bill came from Central Service Billing

office. He says, 'No. I will settle up today.' I says, 'Well, I can figure it up here in the office,' and I figured the final bill on his residence, and he owed a final bill on the gin bill which was shown as arrears on the residence. I figured it and he paid it. He complained about the amount on the gin bill. He says, 'It is awful big.' I says, 'I can check it and see.' I got the meter sheet and looked it up and I looked up where the meter was set on another customer and I discovered then it was over read and I made the adjustment on it and I gave him credit for what was due him.

"Q. Did that leave him owing anything? A. On his card he sent in for meter reading—actually he didn't have any kilowatt hours but he had not been billed for that last six days which he did owe. He should have been billed twenty-seven cents minimum charge on that last six days.

"Mr. Proctor: That is all.

"Cross-Examination

"Examined by Mr. Foster:

"Q. When you went back and checked the gin meter the two bills were for on the 11th you found it was the co-op's mistake about the amount he owed? A. Yes, the meter was over read.

"Q. Then the notices you had been sending to him all the way through had been an error on the part of the co-op? A. The meter had been over read.

"Mr. Foster: That is all."

Mrs. Cox further testified on re-cross-examination that no bill had ever been sent out for the 27¢ minimum bill.

■ Clearly a question of fact for determination by the jury was presented by the evidence as to whether the plaintiff was in arrears in his account with the defendant at the time defendant discontinued the service.

■ If the plaintiff owed nothing, he could complain of the cutting off of his electric service before offering a reasonable opportunity to adjust the disputed claim. Mobile Electric Co. v. Nelson, 209 Ala. 554, 96 So. 713.

■ It further appears from the plaintiff's evidence that the contract was breached, and that he suffered some damage. Under such evidence the jury would be authorized to award nominal damages even though proof of plaintiff's actual damages be uncertain. The lower court would not be authorized therefore in giving defendant's requested affirmative charge because of lack of proof of plaintiff's actual damages. Drum v. Harrison, 83 Ala. 384, 3 So. 715; Ellis v. W. L. Casey, 4 Ala.App. 518, 58 So. 724.

We find no basis, under the record and brief and argument as presented, authorizing a reversal of this case because of the refusal by the lower court of appellant's request for the affirmative charge. (Appellant's assignment of error No. 4.)

■ There being no evidence in the record pertaining to possible mitigation of damages by plaintiff, requested charge No. 4 was properly refused as being abstract. (Assignment of error No. 5.)

We have written to every point discussed in appellant's brief and relied thereon for error. Any other error must be deemed waived. See 2 Ala.Digest, Appeal and Error, ☞761 for numerous authorities.

Affirmed.