# Clements *v.* Beatty.

*Action for Breach of Contract for Sale of Trees.*

1. *Measure of damages.*—In an action for the breach of a contract, by which defendants sold to plaintiff all the standing trees on a tract of land suitable for saw-logs of specified size, at a named price per thousand feet, and afterwards sold all the timber on the land to a third person, who entered and cut some of the trees to which plaintiff was entitled; the measure of damages is the market value of the trees so cut and carried away, *less* the price which plaintiff was to have paid for them, but which he had not paid.

APPEAL from the Circuit Court of Tuskaloosa.

Tried before the Hon. SAM. H. SPROTT.

This action was brought by C. C. Beatty, against Alsey Clements and Morgan Clements, to recover damages for the alleged breach by the defendants of a written contract, by which they sold to plaintiff all the pine timber then standing

[Clements v. Beatty.]

on a tract of land particularly described, "which will make saw-logs twelve feet long, and will square ten inches;" and was commenced on the 20th March, 1888. The only plea was the general issue. On the trial, as the bill of exceptions shows, the plaintiff read in evidence the written contract between himself and the defendants, which was dated 21st October, 1886, and which stipulated that the plaintiff should pay for the timber, or lumber, "one dollar per thousand feet board measure;" and he then offered in evidence another written contract, dated June 29th, 1887, by which defendants leased said tract, with other lands, for the term of five years, to one W. A. Goold, giving him the right to cut and use "all timber that may be necessary for coal mining and coke oven purposes." "The plaintiff then introduced evidence tending to show that, in July, or August, 1887, said Goold entered upon said lands embraced in plaintiff's contract with defendants, and cut down pine trees of the dimensions described in said contract, which was also necessary for mining purposes; and plaintiff proved the market value of said trees, as they stood upon the stump. Upon this evidence, the court charged the jury, that if they found for the plaintiff, the measure of damages would be the market value of the trees cut by Goold, as they stood upon the stump." The defendants excepted to this charge, and they here assign it as error.

F. S. MOODY, and J. M. FOSTER, for the appellants, cited *Johnson & Thornton v. Allen & Jemison*, 78 Ala. 387; 2 Benj. Sales, 973, 977–8.

A. B. McEACHIN, FOSTER & JONES, and THOS. L. BEATTY, *contra*, cited *Murrell v. Whiting*, 32 Ala. 54; *George v. C. & M. Railroad Co.*, 8 Ala. 234; *Lecroy v. Wiggins*, 31 Ala. 13; *Culver v. Hill*, 68 Ala. 66; *Trustees v. Turner*, 71 Ala. 429.

SOMERVILLE, J.—The proper measure of the plaintiff's damages could not be more than a just recompense for the actual injury he had sustained, by reason of the alleged breach of the contract by the defendants. The recovery could not, therefore, exceed the market value of the trees cut by Goold, which the defendants had given the plaintiff a license to cut, *less* the amount the plaintiff had agreed to pay for them, with lawful interest on this balance. This is the established rule for a breach of contract to deliver goods,

where no money has been paid by the vendee. If the price had been paid in advance by the vendee, which is not the case here, a different rule would prevail.—2 Greenl. Ev. (14th Ed.), § 261; 2 Addison on Contr., § 589; *Bell v. Reynolds*, 78 Ala. 511; s. c., 56 Amer. Rep. 52; *Trustees of Howard College v. Turner*, 71 Ala. 429; s. c., 46 Amer. Rep. 326; *Johnson v. Allen*, 78 Ala. 387.

Neither the evidence, nor the rulings of the court, present any question as to the plaintiff's right to recover profits as damages.—*Reynolds v. Bell*, 84 Ala. 496; *Griffin v. Colver*, 69 Amer. Dec. 718; *note*, 724.

The charge given by the court was in conflict with this view of the law, and was erroneous.

Reversed and remanded.