SEEFELD and another, Respondents, vs. THACKER and another, Appellants.

*May 23 — June 19, 1896.*

*Sale of chattels: Nondelivery: Damages: Evidence: Place of delivery: Instructions to jury.*

1. Where in a contract for the sale of a car load of oranges no particular car is specified, the vendee is entitled, in case of nondelivery, to damages based on the quantity in an ordinary car.

2. If, in such a case, the contract had been so changed as to call for the delivery of the oranges in a particular car, the admission of evidence as to the quantity contained in an ordinary car could not have prejudiced the vendors, where such quantity was the same as that which, according to their own witnesses, the car in question contained.

3. A contract for the sale of a car load of oranges to be delivered at Milwaukee was not modified as to the place of delivery by the vendees' compliance with the vendors' request to send a man to Chicago to inspect there the car load which they proposed to deliver.

4. The refusal to give a specific instruction is not error if the subject is substantially covered by the general charge.

APPEAL from a judgment of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Affirmed.*

Action for damages alleged to have been caused by a breach of contract to deliver a car load of oranges. Defendants agreed in writing to sell and deliver to plaintiffs, at Milwaukee, Wisconsin, not later than March 29, 1894, a car load of Florida russet oranges, the car not to contain more than forty boxes of oranges described as No. 128, in consideration of which plaintiffs agreed to pay defendants $1.60 per box for the fruit on board cars at the shipping point. On the 30th day of March, plaintiffs received a letter from defendants requesting them to send a representative to the city of Chicago to inspect and accept the car there, in response to which they sent Mr. Smout as such representative. The car load of fruit which they so requested plaintiffs to inspect was not submitted to the agent for examination, but a different car was, which did not contain such fruit as the contract called for. Defendants offered to make the car offered equal to that contracted for, by taking out some inferior fruit and putting in some of a better class. Agent Smout agreed to accept the car if made according to the contract. Thereafter some changes were made in the car load of fruit, but Agent Smout refused to accept it, for the reason that it did not comply with the contract. No other

fruit was tendered, and none was ever delivered to plaintiffs at the city of Milwaukee. The jury rendered a verdict in favor of plaintiffs for the sum of $300. A motion was made to set aside the verdict and for a new trial, which motion was denied, and defendants appealed.

*Henry L. Buxton,* for the appellants.

*E. Q. Nye,* for the respondents.

MARSHALL, J. The car of oranges which defendants offered to plaintiffs' agent, and which the latter offered to accept if the quality of the fruit was made equal to that called for by the contract, was No. 3,800. On the subject of damages, proof was made, against defendants' objection, of the number of boxes of oranges in an ordinary car; and this is alleged as error, on the ground that the proof should have been of the number in car No. 3,800. This turns on whether car No. 3,800 was the one called for by the contract as originally made or subsequently modified. The original contract did not call for any particular car, and, if it was not changed so as to call for car No. 3,800, plaintiff had obviously the right to recover damages on the basis of the amount of fruit in an ordinary car. Moreover, if, as appellants claim, the proof should have been confined to car No. 3,800, we are still unable to see wherein they were prejudiced, for their witnesses testified that it contained 300 boxes, and the testimony of respondents' witnesses was to the effect that an ordinary car would contain about that number, and damages were computed on that basis, as satisfactorily appears from the record.

The court charged the jury as follows: "The damages which the plaintiffs are entitled to recover in this case, if you find for them, are the difference between the contract price of the oranges and the actual market value of oranges of that kind in Milwaukee at the time they were to be delivered, less the cost of freight from the point from which

they were to be shipped to the city of Milwaukee." The contract price was $1.60 per box and freight from the shipping point to the city of Milwaukee, the place of delivery. It is not claimed but that, testing the instruction by the written contract, it was a correct statement of the law; but appellants claim that the contract was modified by substituting Chicago for Milwaukee as the place of delivery; hence that the instruction was erroneous. The question, therefore, turns on whether there was a change in the place of delivery. The claim that such a change or modification of the contract was made rests wholly upon the request made by defendants of plaintiffs, on March 30th, to send a man to Chicago to inspect a car load of fruit which they proposed to deliver under the contract, and the compliance with such request. Such request was, in effect, that plaintiffs should pass on whether the car defendants proposed to deliver complied with the contract, at Chicago, instead of waiting until it arrived at Milwaukee. That in no way changed the place of delivery. If the car had passed inspection, it would have still been the duty of defendants to see that it was delivered at Milwaukee, as the written contract of March 23, 1894, provided. But the jury found, under proper instructions, that no car was tendered to plaintiffs' agent in Chicago containing fruit of the kind required by the contract, and that no car was accepted as complying with such contract; hence, in any view of the case, the charge excepted to is free from error.

The court was requested to charge the jury as follows: " If Mr. Smout said he would take the car offered if *Thacker Bros.* would change the number of boxes testified to by Mr. Soule, and *Thacker Bros.* did so make the change, and so told Smout, then it was *Seefeld & Son's* duty and Smout's duty to accept it, and plaintiffs cannot recover." This request referred to the oranges finally offered to plaintiffs' agent at Chicago. There was no modification of the contract shown in respect

to the quality of the fruit. Therefore the request, so far as applicable to the evidence, was given in the general charge in the following words: "If you find from the evidence that the oranges which were last offered by the defendants to the agent were in fact of the sizes and quality required by the contract, and if you further find that the agent refused to accept the oranges, or stated that his firm would not accept them, then that would be a sufficient excuse for the defendants' omission to deliver or tender the oranges at Milwaukee." No error can be predicated upon a refusal to give a specific instruction if the subject is substantially covered by the general charge. *Rockwell v. Mut. L. Ins. Co.* 27 Wis. 372; *Winn v. Peckham*, 42 Wis. 493.

The above covers all the assignments of error presented for consideration in appellants' brief.

*By the Court.*— The judgment of the superior court is affirmed.