[Ward v. Cotton Seed Products Co.]

# Ward *v.* Cotton Seed Products Co.

### *Breach of Contract.*

(Decided May 13, 1915.  Rehearing denied June 30, 1915.
69 South. 514.)

1. *Principal and Agent; Authority of Agent; Jury Question.*—The evidence examined and held sufficient to warrant a submission to the jury of the question of the authority of an agent of the defendant to execute the contract for the sale of certain cotton seed, in an action for the breach thereof.

2. *Sales; Delivery; Time; Presumption.*—Where the contract fixes no time for the delivery of goods sold, the law presumes that they are to be delivered within a reasonable time.

3. *Same; Buyer's Remedy; Damages.*—Where the action is for failure to deliver goods sold, the measure of damages is the difference between the agreed price and the market value at the time and place of delivery, with interest, which may be calculated from the period at which the defendant failed or refused to perform.

4. *Same; Evidence.*—Where the action was for breach of contract to deliver cotton seed, a statement showing the price at which the buyer was forced to purchase other cotton seed, and the difference between such price and the price agreed on with defendant seller, was admissible.

5. *Same.*—Where the action was for breach of contract for the sale of two carloads of cotton seed, evidence as to the minimum amount of cotton seed in a carload was admissible; a carload being what is usually contained in an ordinary car used for transporting the particular kinds of goods sold.

6. *Appeal and Error; Harmless Error; Evidence.*—Where the action was for the breach of a contract for the sale of cotton seed, the admission of evidence that after the defendant had refused to deliver the seed, his agent stated that they would be delivered, was harmless, if error.

7. *Same; Instructions.*—Where the action was for damages for failure to deliver cotton seed, sold to be delivered at the station of defendant, a charge that a difference in price might be estimated as at the point of destination, was harmless if error, where plaintiff purchased seed to replace that not delivered, which was shown to have been made at the lowest price at which the seed could be bought in any market, and the verdict did not exceed the damages so established.

APPEAL from Elmore Circuit Court.
Heard before Hon. W. W. PEARSON.

Action by the Cotton Seeds Product Company against S. J. Ward for damages for breach of contract of sale. Judgment for plaintiff, and defendant appeals. Affirmed.

Transferred from Court of Appeals under act creating such court.

J. M. HOLLY, and GEORGE F. SMOOT, for appellant.

IVEY F. LEWIS, for appellee.

GARDNER, J.—Suit by appellee against the appellant for the recovery of damages growing out of the breach of a contract for the sale of three cars of cotton seed, which was agreed by the appellant to be sold to the appellee at the price, fixed in the contract, of $22 per ton, f. o. b. Wetumpka, Ala. One car of cotton seed having been sold and delivered under the contract, the complainant seeks damages for a failure and refusal on the part of defendant to sell and deliver the two remaining cars. Judgment was for the plaintiff, from which the defendant prosecutes this appeals. There were demurrers to the complaint, which were overruled, and this action of the court constitutes assignments of error 9 and 10. These assignments, however, are not argued in brief of counsel for appellant, and are therefore considered as waived.

The evidence for the plaintiff went to show that through its agent a contract was entered into between it and the defendant on November 7, 1912, for the purchase by the plaintiff from defendant of 3 cars of cotton seed at the price of $22 per ton, f. o. b. Wetumpka. Among other things provided by the contract was the stipulation that the weights of the Cotton Seed Products Company, of Louisville, Ky., should govern all settlements. The contract was in writing, and provid-

ed that shipment was to be made to Nashville, Tenn. However, when the first car load was shipped by defendant, he was requested by the plaintiff to have the shipment changed from Nashville to the plaintiff's place of business, at Louisville, Ky., which was done, and the car of seed paid for by the plaintiff. The contract was signed as follows: "S. J. Ward, Seller's Signature B The Cotton-Seed Products Co. By J. R. Hale & Sons. McGavock."

(1)   Aside from the plea of the general issue the defendant interposed a special plea, duly sworn to, denying that the contract was executed by him, or by any one authorized to bind him in the premises. The evidence for the plaintiff was without dispute; the defendant himself not testifying or offering the testimony of witnesses. It was shown by the plaintiff's agent that he made the contract for the sale of the cotton seed with the defendant himself, and that one Brown was present; and other testimony went to show that Brown was in the employ of defendant, at the time, at his ginnery at Wetumpka; and there was evidence that Brown had issued cotton seed tickets during that fall, signing the defendant's name over his own signature, some of the tickets being signed, "S. J. Ward, Charles Brown, Weigher," and that said Brown purchased seed for the defendant when it was brought to the gin, issuing the tickets as previously stated. The agent of the plaintiff at the time of the execution of this contract reached the agreement with the defendant at his gin, Brown being present; and when the trade was finally consummated, and the contract ready to be signed, Brown took it and signed the name of the defendant thereto, and, in the language of the witness, defendant "stood there and saw him do it."

Subsequently one car load of the seed was shipped, for which defendant received payment. A letter of defendant was offered in evidence in regard to said car, and several letters, urging shipment of the other two cars, were also shown to have been written to the defendant, to which he made no reply. On December 13th the agent of the plaintiff went to the home of defendant to inquire what he meant to do about shipping the two other cars of seed, to which he replied that he was ' not going to ship them."

We are of the opinion that it is too clear for argument that the evidence was sufficient to warrant the submission to the jury of the question of the authority of Brown to execute the contract sued on in this case.—*Buist v. Guice*, 96 Ala. 225, 11 South. 280; *Patterson v. Neal*, 135 Ala. 477, 33 South. 39; 31 Cyc. 1263-1349.

(2) The generally recognized rule is that, where no time is fixed for the delivery of goods, the law presumes that they were to be delivered within a reasonable time, and that in cases of this character the measure of damages is the difference between the agreed price and the market value of the goods at the time and place of delivery, with interest.—2 Mechem, Sales, § 1736; *Buist v. Guice, supra; Cawthon v. Lusk Co.*, 97 Ala. 674, 11 South. 731; *Johnson & Thornton v. Allen & Jemison*, 78 Ala. 387, 56 Am. Rep. 34; 35 Cyc. 633; 17 Dec. Dig. § 418.

(3) It has been held, also, that where no time is fixed in the instrument for the completion of the contract —that is, for the delivery of the goods—damages may be calculated from the period at which the defendant refused to perform it.—2 Mechem, § 1748; *Williams v. Woods*, 16 Md. 220. As said by the authorities, such

a refusal on his part leaves no further locus pœnitentiæ to himself, and of course the plaintiff cannot treat the agreement as longer subsisting.

(4) As previously stated, upon inquiry by the plaintiff's agent on December 13th, the defendant positively declined to furnish the seed, whereupon plaintiff bought in the open market two cars of seed in place of those agreed to be furnished by defendant; the purchase being made in Athens, Ala., and the difference in price being $5 per ton. The testimony shows that this was the lowest price at which the seed could be bought at that time in the open market. A statement, showing this purchase price and the difference between it and the price agreed on with defendant, was sent him, with the request that he remit for this difference, to which he made no reply. This statement was offered in evidence, and was objected to on the ground that it was incompetent, irrelevant, immaterial, or illegal. The objection was overruled, and in this action of the court we find no reversible error.

The defendant had denied that the contract was binding upon him. The statement shows an agreement of sale of three cars, and a shipment of only one, and a demand for the payment of the difference in price of the seed. To this demand, and the letter with which the statement was inclosed, the defendant made no reply. In addition to this, the statement shows the price paid for the seed at Athens; and the testimony of plaintiff tends to show that this price was the lowest at which the seed could be bought in any market. This was evidence tending to show the market value of the seed.—*Ward v. Reynolds*, 32 Ala. 384; *Hardwick v. Am. Can. Co.*, 113 Tenn., 657, 88 S. W. 797.

(5) As above disclosed, the contract provided for a sale of three cars of cotton seed. It was silent as to

what amount the cars should contain. A witness for plaintiff was permitted to testify that he knew what a minimum car of cotton seed was, and that it was 30,-000 pounds; that the seed were to be shipped on the Louisville & Nashville Railroad, the contract being made in Wetumpka, and there being no other railroad at that place; that the shipment was to be according to the modified agreement of the parties; and that the minimum weight on that railroad for a car of seed was 30,000 pounds, or 15 tons. Objection to this testimony was overruled by the court. In 35 Cyc. 639, it is said: "If no fixed quantity of goods is contracted for, but the purchase of a 'car load,' damages should be computed on the amount usually contained in an ordinary car."

And again, in the same authority: "Where the goods are sold by the 'car load,' the term may be construed by the custom of trade; but in the absence of any agreement, or particular custom, it will ordinarily be held to mean the capacity of a car used for transporting the particular kind of goods sold. So, too, a sale of a 'cargo' of goods means ordinarily the entire load of the vessel, and is limited only by the capacity of the vessel." Page 210.

See, also, 1 Words and Phrases, 970.

(6) The testimony of the witness shows that one car had been shipped by the defendant, and there was also evidence tending to show that the car so shipped contained in excess of 30,000 pounds of seed. We find no reversible error in this ruling of the court; nor can we see any merit in the exception to the action of the court in overruling the objection to the testimony of plaintiff's agent, to the effect that after he went to see defendant, and was by him told that he refused to ship

[Ward v. Cotton Seed Products Co.]

the seed, he also saw Brown, who stated that they were going to ship the seed. Whether this evidence was objectionable or not, which we need not decide, it is quite clear that no possible prejudice could have resulted to the defendant, and therefore that no reversible error could be predicated thereon.

(7) The court in its oral charge stated that, while the point of delivery, so far as the duty of the defendant was concerned under the contract, was at Wetumpka, there was evidence that the final destination of the seed was Louisville, Ky., and that, if the jury so found, the difference in price at that point would be the measure of damages.

As hereinbefore stated, the evidence of the price which plaintiff paid in the open market, in connection with the testimony showing it was the lowest price at which the seed could be bought in any market, was sufficient for submission of the question to the jury as to the market value of the seed, at that time, both at Wetumpka, Ala., and at Louisville, Ky., and nothing tended to show any different market value elsewhere; and the verdict of the jury did not exceed the amount fixed by this uncontradicted evidence. It is immaterial, therefore, under the undisputed evidence in the case, whether, for the purpose of fixing the measure of damages, the place of delivery be at Wetumpka or at Louisville. We therefore conclude that in this part of the oral charge there was no error of which this appellant can complain. If there was error at all (which we leave undecided), it was error without injury.

What is here said also has application to charge 3, refused to defendant. If it be conceded that charge 3 stated a correct proposition of law as a general rule, yet, for reasons above stated, its refusal was clearly

[Central of Georgia Ry. Co. v. Southern Ferro Concrete Co.]

without injury to the defendant. Charge 1, refused to defendant, was the affirmative charge, Charge 2 restricted recovery to nominal damages only. What is herein said sufficiently shows that there was in this no reversible eror.

Finding no reversible error, the judgment of the court below is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.