# Thompson *v.* Strong, Bagley and Bagley.

### Breach of Contract.

(Decided April 3, 1916.  Rehearing denied December 30, 1916. 74 South. 34.)

1. **Sales; Buyer's Action for Breach of Contract; Definiteness of Contract.** —In action by buyer for breach of contract of sale of "three cars" of cotton seed, where the evidence was undisputed that a carload of cotton seed, ranges from 15 to 32 tons and verdict for plaintiff disclosed that it was calculated upon the basis of a minimum capacity of a car, defendant could not complain that the contract was uncertain for failure to specify the exact amount of seed sold.

2. **Evidence; Judicial Notice.**—Courts do not take judicial knowledge as to the maximum and minimum weight of a "carload" of cotton seed.

3. **Evidence; Judicial Notice.**—The courts take judicial notice of the fact that a contract, calling for sale of three carloads of cotton seed, carries with it the knowledge of the fact that such a carload necessarily has a maximum and minimum rate.

4. **Sales; Contract of Sales; Indefiniteness.**—A contract calling for sale of three carloads of cotton seed cannot be said to be invalid for indefiniteness.

5. **Appeal and Error; Rehearing.**—Matters not presented in the original brief of appellant will not be considered on rehearing.


APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by Strong, Bagley & Bagley against J. R. N. Thompson for breach of contract.  Judgment for plaintiffs and defendant appeals.  Affirmed.

(Transferred from the Court of Appeals under Acts 1911, p. 450.)

[Thompson v. Strong, Bagley and Bagley.]

JOHN A. LUSK & SONS for appellant. McCORD & ORR for appellee.

GARDNER, J.—(1) Suit by appellees against appellant for damages growing out of a breach of contract wherein appellees purchased from appellant three cars of cotton seed at the price of $25 a ton, to be delivered on the cars at Guntersville, Ala. The contract was made on or about January 21, 1915, and appellees were given notice by the appellant on February 18th that he declined to deliver the seed. The jury found the issues in favor of the plaintiffs and assessed damages at $180. The only point presented in brief of counsel for appellant goes to the validity of the contract, in that it is insisted that the contract of purchase was uncertain for a failure to specify the exact amount of seed agreed to be sold; that a contract calling for the sale of a carload of cotton seed is too indefinite unless it also specifies the quantity of seed to be contained in the car. We have a similar question presented in the recent case of *Ward v. Cotton Seed Products Co.*, 193 Ala. 101, 69 South. 514, wherein appear the following quotations from 35 Cyc. 210, 639: "If no fixed quantity of goods is contracted for, but the purchase is of a 'carload,' damages should be computed on the amount usually contained in an ordinary car."—Page 639.

"Where the goods are sold by the 'carload,' the term may be construed by the custom of trade; but in the absence of any agreement, or particular custom, it will ordinarily be held to mean the capacity of a car used for transporting the particular kind of goods sold. So, too, a sale of a 'cargo' of goods means ordinarily the entire load of the vessel, and is limited only by the capacity of the vessel."—Page 210.

The evidence is without dispute that the parties did agree on a sale of cotton seed at $25 per ton, for three carloads f. o. b. Guntersville, and that the defendant failed and refused to deliver it; that on February 18th the defendant sold several tons of seed to another party at Guntersville for $29 per ton. Testimony for the plaintiffs showed that immediately after the breach of his contract by the defendant they went into the open market at Guntersville and purchased three cars of cotton seed at $30 a ton. The evidence is further without dispute that a carload of cotton seed ranges from 15 to 32 tons; that the maximum car is 32, and the minimum 15 tons.

[Thompson v. Strong, Bagley and Bagley.]

The verdict of the jury in this case ($180) discloses clearly that they fixed their calculation of damages upon the basis of $4 per ton in the price of the seed, and 15 tons as the minimum amount for a carload of seed under the undisputed evidence in the case, a calculation of $4 a ton damages on 45 tons of seed. It clearly appears, therefore, that the jury based their calculations upon the minimum capacity of a car. There is nothing here of which the appellant can complain. Notwithstanding any uncertainty, appellant was bound at least to deliver as much as three cars of the smallest capacity.—*Ind. Co. v. Herrman,* 7 Ind. App. 462, 34 N. E. 579.

We, therefore, find no error in the record of which this appellant can complain, and the judgment of the court below is accordingly affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.

ON APPLICATION FOR REHEARING.

GARDNER, J.—Upon the original submission of this cause counsel for appellant argued, as we understand their brief, but one point, namely, the invalidity of the contract on account of indefiniteness, and this was the question treated in the opinion.

It is urged on application for rehearing that the ruling here is in conflict with the case of *Elmore v. Parrish,* 170 Ala. 499, 54 South. 203, and that both cannot be permitted to stand. These cases, in our opinion, are easily distinguished. In the *Elmore-Parrish Case* the court was unwilling to declare as a matter of common knowledge that by a "bale" of cotton was meant cotton of a certain weight, to-wit, 500 pounds, and for that reason the contract, as alleged, was insufficient because of uncertainty.

(2) Counsel, therefore, argue that this court, in upholding the contract in this case, has taken judicial knowledge of the fact that a "carload" of cotton seed ranges from 15 to 32 tons. In this counsel are in error. We have not so assumed. Proof was offered in the cause to establish this as a fact without dispute. We do not take judicial knowledge as to the maximum and minimum weight of a "carload" of cotton seed, and the original opinion in this cause did not so indicate. What is to be accepted as a matter of judicial knowledge has given rise to much dis-

cussion in the cases, many of which may be found cited in the note to 16 Cyc. pp. 876-879. Reference may also be made to Jones on Evidence, § 123. A review of the cases is unnecessary, but a few may be noted.

(3, 4) Courts have judicially noticed the system of checking baggage (*Isaacson v. New York C. & H. R. S. Co.*, 94 N. Y. 278, 46 Am. Rep. 142), and the transfer of loaded cars from one line to another for continuous transportation (*Burlington, C. R. & N. R. Co. v. Dey*, 82 Iowa, 312, 48 N. W. 98, 12 L. R. A. 436, 31 Am. St. Rep. 477) ; the method of transportation (*Mich. S. & N. I. R. Co. v. McDonough*, 21 Mich. 194, 4 Am. Rep. 466) ; that the owner of logs furnishes the car for shipping (*Lowe v. Ring*, 123 Wis. 372, 101 N. W. 698, 3 Ann. Cas. 731). See, also, 35 Cyc. 210, note 94, citing *Bullock v. Finley* (C. C.) 28 Fed. 514; *Ind. Cabinet Co. v. Herrman*, 7 Ind. App. 462, 34 N. E. 579. And in the case of *Elliott v. Howison*, 146 Ala. 568, 40 South. 1018, this court held that under a contract for the delivery of lumber f. o. b. cars there was imposed upon the seller the duty of procuring the cars, stating that the courts take judicial knowledge of the fact that the phrase "f. o. b. cars" means free on board the cars, and that this means free of expense to the buyer, and the contract, therefore, means that the seller is to procure the cars. The following quotation, found in note 89 to 16 Cyc. p. 876, is here pertinent: "We apprehend that it is the duty of courts judicially to know what is the general course of the transactions of business life. * * * We cannot close our eyes to the well-known course of business in the country."

While we may not be able to judicially know the exact maximum and minimum weight of a "carload" of cotton seed when that term is used in a contract of sale, yet we would be closing our eyes to the well-known course of business in this country, particularly in this great agricultural section, if we did not judicially know that the designation of such a term carries with it the knowledge of the fact that such a carload necessarily has a maximum and a minimum weight. In a contract calling for a sale of three carloads of cotton seed, therefore, it cannot be said that the contract is invalid for indefiniteness.

In *Ward v. Cotton Seed Co.*, 193 Ala. 101, 69 South. 514, we quoted with approval the following from 35 Cyc. 210:

"Where the goods are sold by the 'carload,' the term may be construed by the custom of trade; but in the absence of any

agreement, or particular custom, it will ordinarily be held to mean the capacity of a car used for transporting the particular kind of goods sold."

Thus it is to be seen that the court does not take judicial knowledge of the maximum and minimum weight of a carload of seed, but we do take judicial knowledge of the fact that by the use of the term "a carload of seed" is meant a carload with a maximum and a minimum weight, and in the instant case the seller was held liable for the minimum capacity.

As previously stated, the question of the validity of the contract was the only point counsel appeared to argue in their original brief, as is indicated by the following language used therein: "The question as to the sufficiency of the contract is raised by demurrers, by motions to exclude the evidence, and by charges requested."

Some of the assignments of demurrers to the complaint are to the effect "that the contract is void for uncertainty and indefiniteness." The proof showed that the maximum weight of a carload of cotton seed is 32 tons and the minimum weight 15 tons. At the conclusion of all the evidence the defendant "renewed his motion to exclude all the evidence of a purchase of three cars of cotton seed, because it is too indefinite and uncertain as to the amount of seed to be sold." Among the charges refused (another method by which appellant's counsel insisted the sufficiency of the contract was presented for review) are the following requested by defendant: "The court charges the jury that before you can find for the plaintiffs in this case you must be reasonably satisfied from the evidence that all cars of cotton seed are of the same weight."

Also, the following: "The court charges the jury that before you can find for the plaintiffs in this case you must be reasonably satisfied from the evidence that every car of cotton seed contains a certain or definite amount of tons or pounds of cotton seed."

And the following, marked No. 9: "The court charges the jury that a contract for the sale and delivery of three cars of cotton seed at a named price per ton is unenforceable for uncertainty as to the amount of cotton seed sold."

Numerous other charges refused defendant raised in varying language the same question, that, under all the evidence the

[Talley v. Whitlock.]

defendant was entitled to the affirmative charge on account of the indefiniteness of the contract sought to be enforced.

We have referred to the manner in which the question was presented for the purpose of demonstrating that the original opinion in this cause treated—and properly so—the question presented in appellant's brief on the original submission, that is, the question as to the invalidity of the contract for indefiniteness. It is suggested on this application, however, that the complaint was insufficient in failing to allege as to the questions of minimum and maximum weight.

(5) We need not enter into a consideration of this, as the sufficiency of the complaint in this particular was not pressed upon us in the original brief. We take judicial knowledge of the fact that by the terms used was meant carloads having a maximum and minimum capacity, and that therefore such contract is not void for uncertainty. The proof shows without conflict what this maximum and minimum capacity is, and the jury gave the defendant the advantage of minimum capacity.

The application for rehearing is denied.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur. ANDERSON, C. J., and MCCLELLAN and SAYRE, JJ., dissent.