(77 South. 42)

## WHITEHEAD v. JASPER OIL & FERTILIZER CO. (6 Div. 633.)

(Supreme Court of Alabama. Nov. 15, 1917.)

1. APPEAL AND ERROR ⟾1058(1)—HARMLESS ERROR—EXCLUDING EVIDENCE.

Error, if any, in excluding book entries showing purchases and prices of seed, in action for breach of contract to sell seed, was not reversible, where the witness fully testified as to such purchases and prices.

2. SALES ⟾421—ACTIONS—INSTRUCTIONS.

In action for breach of contract to sell cotton seed, instruction that if defendant sold plaintiff cotton seed, and it was agreed to draw a draft for 80 per cent. of seed shipped, and defendant failed to ship the seed, plaintiff could recover, was not objectionable as failing to hypothesize the conditions on which plaintiff was entitled to recover.

3. EVIDENCE ⟾474(19)—VALUE OF PROPERTY AT DIFFERENT PLACE—KNOWLEDGE OF WITNESS—ADMISSIBILITY.

Where witness in action for breach of contract to sell cotton seed disclosed that he was not familiar with prices, and the questions were not confined to prices at time and place involved, his testimony was properly excluded.

4. SALE ⟾420 — ACTION FOR SELLER'S BREACH—JURY QUESTION.

Where plaintiff's evidence clearly shows breach of an unconditional agreement for the sale of the cotton seed at $25 per ton, and an advance of several dollars per ton at the time and place of delivery, defendant was not entitled to affirmative charge.

Appeal from Circuit Court, Marion County; C. P. Almon, Judge.

Assumpsit by the Jasper Oil & Fertilizer Company against J. B. Whitehead. Judgment for plaintiff, and defendant appeals. Transferred from the Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

The charge given for plaintiff is as follows:

If you believe from the evidence that defendant sold plaintiff 50 tons of cotton seed, f. o. b. Winfield, and it was agreed that defendant was to draw a draft for 80 per cent. of the amount of the seed shipped, and defendant failed to ship said seed, you must find a verdict for plaintiff.

Suit by appellee against appellant to recover damages for the breach of a contract of sale for two carloads of cotton seed; said cars containing, in the aggregate, 50 tons, at the price of $25 per ton, f. o. b. Winfield, Ala. It was the insistence of the plaintiff that the sale was made without conditions, that the defendant failed and refused to deliver the seed as agreed, and that it was compelled to go into the open market and pay an advance price of $30 per ton for the seed. The defendant insisted there were certain conditions to the agreement of sale, which were not complied with by the plaintiff; and that he sold the seed to some one else at $26 per ton, as he insisted he had a right to do. Defendant further insisted that the price of seed had not advanced. The jury returned a verdict in favor of plaintiff in the sum of $150, and from which judgment entered accordingly defendant prosecutes this appeal.

E. B. & K. V. Fite, of Hamilton, for appellant. Gray & Wiggins, of Jasper, and Fred Jones, of Hamilton, for appellee.

GARDNER, J. The contract for the sale of the cotton seed called for an aggregate of 50 tons, in carload lots f. o. b. Winfield, one car to be loaded at once (the date of the contract being January 15, 1915), and the other loaded within ten days or two weeks. Upon the trial of the cause the rule as to the measure of damages was recognized to be the difference between the agreed price and the market value of the cotton seed at the time and place of delivery, with interest. Ward v. Cotton Seed Products Co., 193 Ala. 101, 69 South. 514; Gwin v. Hopkinsville Milling Co., 190 Ala. 346, 67 South. 382; Georgia Cotton Oil Co. v. Carlisle Seed Co., 75 South. 984, ante, p. 226.

If the evidence for the plaintiff is to be accepted, the sale contract was entered into without conditions, and was breached without excuse. On the other hand, the defendant insisted that there were certain conditions to the contract which were not complied with and which justified him in its rescission. These issues were fairly submitted to the jury with proper instructions from the court for their determination, and no questions arose or were argued in regard thereto. The evidence for plaintiff tended to show that the price of cotton seed, when bought in carload lots, had advanced from $25 to $30 per ton at the time and place of delivery. Defendant offered proof to the contrary. One Perry, a witness for defendant, testified as to numerous purchases of cotton seed in that particular community from different parties—the prices ranging from $20 per ton to as high as $26. To this evidence there was no objection. The purchases made by witness Perry were in what is called wagonload lots, and his testimony discloses that cotton seed bought in wagonload lots was cheaper than that in carload lots.

[1] The witness was engaged in the business of buying seed, and had carbon copy entries of the various purchases of these seeds in wagonload lots, showing the amount purchased and the price thereof; but these entries were excluded on motion of plaintiff, and this action of the court constitutes one of the assignments of error. The witness had been permitted to testify fully as to his purchase of cotton seed, and the price paid therefor, and the evidence offered was merely cumulative to that to which witness had just testified. The contract here involved was for the sale or purchase of cotton seed in carload lots; and the evidence shows without dispute, there was a difference in the market value of seed in that community when purchased in carload lots and in wagonload lots; the latter being cheaper. The entries related to the wagonload lots and to

details of the business of the witness not connected with this transaction. We do not think, therefore, under these circumstances, reversible error can be predicated upon the action of the court in excluding the entries so offered by the witness Perry.

[2] Only one written charge seems to have been given for plaintiff, and it is insisted by defendant that this was reversible error, in that it failed to hypothesize one of the conditions insisted upon by defendant. The charge, with proper hypothesis, stated the conditions on which plaintiff was entitled to a recovery, and was not subject to the criticism of counsel for appellant.

[3] The objection to the question asked witness Roberts as to the price of seed pointed out that the inquiry was not confined to the time and place of delivery of the seed in question, and in addition thereto the testimony of this witness disclosed he was not familiar with the market value at that time or place, and therefore no reversible error was committed in sustaining the objection.

[4] The evidence for plaintiff clearly shows an unconditional agreement for the sale of the cotton seed at $25 per ton, and an advance of several dollars per ton at the time and place of delivery. It is quite clear, therefore, that the insistence that defendant was entitled to the affirmative charge is without merit. There are a few questions as to the evidence, which are argued by counsel, but we do not consider them of sufficient importance for separate treatment here. If it be conceded that some of the testimony offered by plaintiff was subject to the objection of immateriality, and could well have been excluded, yet, from an examination of the same by this court in consultation, we are persuaded that it relates to matters of so little importance as to be harmless, and without bearing upon the result of this cause.

We find nothing in any of the questions here argued by counsel calling for a reversal, and the judgment of the court below will accordingly be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.