(77 South. 702)

### HAMBRIGHT v. BIRMINGHAM RY., LIGHT & POWER CO. (6 Div. 666.)

(Supreme Court of Alabama. Jan. 24, 1918.)

1. APPEAL AND ERROR ⬅1040(1)—HARMLESS ERROR—RULINGS ON DEMURRER.

In action against street railway company for collision damages, rulings upon appellant's demurrer to defendant's special pleas as applicable to counts charging subsequent negligence and willful or wanton negligence, if erroneous, were without injury, where, on the evidence, the general charge for defendant on such counts was authorized.

2. APPEAL AND ERROR ⬅1040(14)—HARMLESS ERROR—RULING ON DEMURRER.

In action against street railway company for collision damages, error in overruling appellant's demurrer to some of defendant's special pleas to count charging negligence was without injury, where some of the pleas were good and were proven without dispute.

3. STREET RAILROADS ⬅110(2)—INJURIES—PLEADING—CONTRIBUTORY NEGLIGENCE.

In action against street railway company for collision damages, a plea of plaintiff's negligence proximately contributing to his injuries in that he negligently went on defendant's track when the car which struck him or the wagon on which he was riding was in dangerous proximity to him, and negligently remained on said track until said car ran against or struck him, with knowledge on his part in so doing, was not demurrable.

4. STREET RAILROADS ⬅110(2)—INJURIES—PLEADING—CONTRIBUTORY NEGLIGENCE.

In action against street railway company for collision damages, a plea of contributory negligence in that "plaintiff, while said wagon on which he was riding was approaching defendant's track in dangerous proximity to defendant's said car, which was then and there approaching on said track, and before said wagon reached said track, and while said wagon was at a safe distance from said track, and while it was so far away from said track that a passing car could not strike it, saw said car approaching in dangerous proximity, and knew of the approach of said street car, and could by the exercise of reasonable care and prudence, which it was his duty to exercise, have stepped from said wagon, and avoided being injured; nevertheless, plaintiff negligently remained on said wagon until said wagon and said street car collided, and as a proximate consequence of such negligence, he sustained the injuries complained of"—was not demurrable.

5. APPEAL AND ERROR ⬅1068(3)—HARMLESS ERROR—REFUSING SPECIAL CHARGES.

Where, in negligence action, defendant was entitled to the general charge on all the counts, any error in giving or refusing special charges for plaintiff appellant was without injury.

Appeal from Circuit Court, Jefferson County; C. W. Ferguson, Judge.

Action by J. M. Hambright against the Birmingham Railway, Light & Power Company, for damages. Judgment for defendant, and plaintiff appeals. Affirmed.

The first count charges simple negligence in running a car against plaintiff who was in the act of crossing the track in a wagon. The second count charges subsequent negligence, and the third count charges wanton negligence. Defendant filed 10 pleas, the general issue, and other pleas of contributory negligence. The following are the pleas referred to in the opinion:

(9) Plaintiff was himself guilty of negligence which proximately contributed to his injuries in this: Plaintiff negligently went on defendant's track or roadbed when the car which struck him or the wagon on which he was riding was in dangerous proximity to him, and negligently remained on said track or roadbed until said car ran against or struck him, with the knowledge on his part in so doing.

(10) Contributory negligence in this: Plaintiff, while said wagon on which he was riding was approaching defendant's track in dangerous proximity to defendant's said car, which was then and there approaching on said track, and before said wagon reached said track, and while said wagon was at a safe distance from said track, and while it was so far away from said track that a passing car could not strike it, saw said car approaching in dangerous proximity, and knew of the approach of said street car, and could by the exercise of reasonable care and prudence, which it was its duty to exercise, have stepped from said wagon, and avoided being injured; nevertheless, plaintiff negligently remained on said wagon until said wagon and said street car collided, and as a proximate consequence of such negligence he sustained the injuries complained of.

McCullough & Thomas, of Birmingham, for appellant. Tillman, Bradley & Morrow, of Birmingham, for appellee.

ANDERSON, C. J. [1] There was no evidence whatever introduced in this case tending to fasten willful or wanton misconduct or subsequent negligence upon the defendant's servants in the operation of its car, and the trial court properly gave the general charge for the defendant as to the wanton count, and could have, with equal propriety, given it as to the subsequent negligence counts. This being the case, any error committed in ruling upon the demurrer to the defendant's special pleas as applicable to said counts, if erroneous, was error without injury.

[2-5] It may be conceded that there was proof sufficient to make it a question for the jury as to the establishment of the initial negligence count, and that the trial court erred in overruling the plaintiff's demurrer to some of defendant's special pleas as to said count, but this, too, was error without injury, as some of said pleas were good and were proven without dispute. It is sufficient to say that pleas 9 and 10 were not subject to the plaintiff's demurrer, and that

they were established beyond dispute by the plaintiff's own evidence. Plea 9 does not possess the infirmity pointed out to plea 10 in the case of Birmingham R. R. v. Demmins, 3 Ala. App. 359, 57 South. 408. Plea 9 avers that the plaintiff went upon the track, and remained upon the track when the approaching car was in "dangerous proximity." Indeed, we have seen but few cases that present a more palpable act of initial and continuing contributory negligence than the one in question both on the part of the plaintiff and the driver for whose act plaintiff was responsible, as he had control of him, though it may be conceded that the negligence of the driver was not properly pleaded. They both saw the car and knew of its approach, abandoned a lookout, and passed those crossings without paying any attention to the car, when by the slightest caution the injury could have been avoided either by the plaintiff or the driver. As the defendant was entitled to the general charge as to all of the counts, any error that may have been committed in giving or refusing special charges was error without injury.

The judgment of the circuit court is affirmed.

Affirmed.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.