(85 South. 726)

### W. F. COVINGTON MFG. CO. v. FERGUSON. (3 Div. 444.)

(Supreme Court of Alabama. April 15, 1920.)

**I. Sales** ⚛════1(4)—**Contract of sale of "carload" of corn not void for uncertainty.**

A contract of sale of "11 cars of corn in the ear at $1.50 per bushel" was not void for uncertainty, as the term "carload" should be construed to mean the capacity of a car used for transporting the particular kind of goods sold, in the absence of a custom of the trade.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Carload.]

**2. Appeal and error** ⚛════1039(1) — **Errors of pleading cured by affirmative charge.**

If the party obtaining the judgment was entitled to the affirmative charge, which was given, errors of pleading such as uncertainty were cured, where there was no contest on the trial except as to the general issue as to plaintiff's right of recovery.

**3. Sales** ⚛════418(2)—**Market price for purpose of ascertaining damages is of time delivery was postponed.**

In ascertaining damages for failure to deliver goods, the market price is fixed and governed as of the time to which delivery on contract was postponed.

**4. Sales** ⚛════418(2)—**Measure of damages for nondelivery difference between agreed price and market price.**

The measure of damages for nondelivery is based on the difference between the agreed price and the market price at the time and place of delivery with interest.

**5. Sales** ⚛════172 — **Delivery of cars exceeding minimum under railroad schedule no excuse for partial delivery.**

One contracting to deliver a certain number of cars of corn could not justify a delivery of a less number of cars by showing that those delivered exceeded in tonnage the minimum car that could be shipped under the railroad schedule.

**6. Sales** ⚛════418(7)—**On failure to deliver, buyer may purchase on seller's account at market price.**

On failure of the seller to deliver corn, the buyer had the right to purchase an equal amount of corn for the seller's account at the market price at the point of delivery, and hold the seller liable for the difference.

**7. Sales** ⚛════71(2)—**Agreement to deliver "carload" means ordinary and not minimum load.**

If a sale is of a carload of corn, no particular car being specified, damages for failure

───────────────

⚛════For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] 199 Ala. 152.

to deliver are to be assessed on the basis of the quantity which an ordinary car will contain, and the buyer is not confined to a recovery based on the minimum capacity of a car of corn.

**8. Trial ⚞296(2)—Charge held sufficient when considered with oral charge.**

In an action for failure to deliver three carloads of corn, defendant claiming that plaintiff should be confined to a recovery based on the minimum capacity of a car of corn under the railroad schedule, a charge that "plaintiff is entitled to recover and you must fix his damages at the difference between the contract price and the price at which the plaintiff bought the corn," at place of delivery, *held* not reversible error, when taken in connection with the oral charge, which stated that plaintiff could only recover for the difference in price of what was the usual amount of corn that a purchaser by carload had a right to expect would come to him in a carload.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Action by F. H. Ferguson against the W. F. Covington Manufacturing Company, for breach of contract to sell corn. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 450, § 6. Affirmed.

Count 2 is upon an account. Count 1 is as follows:

"Court. Plaintiff claims of defendant the sum of $750 damages for the breach of a contract entered into by and between the plaintiff and defendant on, to wit, the 9th day of November, 1917, in substance as follows: Plaintiff agreed to buy and defendant agreed to sell 11 cars of corn in the ear at $1.50 per bushel of 80 pounds, and defendant agreed to deliver said corn in Birmingham, Ala.; and plaintiff says that, although he has complied with all the provisions thereof, on his part, the defendant has failed to comply with the following provisions, viz.: The defendant delivered only 8 cars of corn, and, although required to do so, wholly failed and refused to deliver the remaining 3 cars contracted for. Plaintiff avers that by reason of and as a proximate consequence of the breach of said contract as alleged, plaintiff was forced to, or did, go into the market and buy 3 cars of corn at a greatly increased price. Plaintiff further avers that he bought said 3 cars of corn in open market for the account of the defendant, and drew a draft upon the defendant, which said draft was dishonored and protested. Plaintiff avers that he was put to considerable trouble and expense in and about buying said corn, all to the damage of plaintiff as aforesaid. Hence this suit."

Charge 2 given for plaintiff is as follows:

"I charge you that if you believe the evidence in this case plaintiff is entitled to recover, and you must fix his damages at the difference between the contract price and the price at which the plaintiff bought the corn in Birmingham."

Weil, Stakely & Vardaman, of Montgomery, for appellant.

The complaint was demurrable. 170 Ala. 499, 54 South. 203; 186 Ala. 341, 64 South. 617; 192 Ala. 69, 68 South. 359. Where no time is fixed for the delivery of goods, the law fixes a reasonable time, and the measure of damages is the difference between the agreed price and the market value at the time and the place of delivery. 193 Ala. 101, 69 South. 514; 192 Ala. 69, 68 South. 359; 199 Ala. 23, 74 South. 34; 7 Ind. App. 462, 34 N. E. 579.

Coleman, Coleman & Spain, of Birmingham, and Steiner, Crum & Weil, of Montgomery, for appellee.

The court did not err in overruling demurrers to the complaint. 199 Ala. 23, 74 South. 34; 193 Ala. 101, 69 South. 514; 186 Ala. 493, 65 South. 321; 35 Cyc. 210, 639; 73 South. 149; 201 Ala. 176, 77 South. 702; 202 Ala. 263, 80 South. 103; 182 Ala. 665, 62 South. 70. The market price must be determined as of the time to which the contract was postponed. 35 Cyc. 637; 179 Ala. 535, 60 South. 838; 196 Ala. 337, 71 South. 439. On these authorities, charge 2 was properly given.

This appeal was submitted under rule 46 (178 Ala. xix, 65 South. vii), Supreme Court Practice, and the opinion of the court delivered by

THOMAS, J. [1] The suit is on the common counts and for a breach of contract of sale "of 11 cars of corn in the ear at $1.50 per bushel." The defendant challenged the sufficiency of the count for breach of contract as being void for uncertainty, in that the contract averred fails to state the number of bushels of corn contained in the car, the weight of a car of corn, or the minimum capacity as a car of corn.

The contract averred is not void for uncertainty, and is not open to the objections pointed out in Elmore, Quillian & Co. v. Parrish Bros., 170 Ala. 499, 54 South. 203; Sloss-Shef. S. & I. Co. v. Payne, 192 Ala. 69, 68 South. 359; Sloss-Shef. S. & I. Co. v. Payne, 186 Ala. 341, 64 South. 617. This court has sustained similar contracts as that on which this suit is rested. Thompson v. Strong, 74 South. 34 [1] (3 cars of cotton seed); Ward v. Cotton Seed Products Co., 193 Ala. 101, 69 South. 514 (2 carloads of cotton seed); Baker v. Lehman, Weil & Co., 186 Ala. 493, 65 South. 321 (100 bales of cotton to average in weight not less than 490 pounds nor more than 510 pounds per bale); Sou. Ry. Co. v. Harris, 202 Ala. 263, 80 South. 101 (for the conversion of 25 bales of cotton); Shore Lumber Co. v. Am. Lbr. & Exp. Co., 23 Ga. App. 135, 97 S. E. 667 (a definite number of

---

⚞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 199 Ala. 23.

"large" carloads of lumber as specified and at a price indicated). Our court has approved the following quotations from 35 Cyc. pp. 210, 639, defining the meaning of a carload:

Page 210: "Where the goods are sold by the 'carload' the term may be construed by the custom of trade, but in the absence of any agreement or particular custom it will ordinarily be held to mean the capacity of a car used for transporting the particular kind of goods sold. So too a sale of a 'cargo' of goods means ordinarily the entire load of the vessel, and is limited only by the capacity of the vessel."

Page 639: "*Quantity on which Damages will be Computed.*—If no fixed quantity of goods is contracted for, but the purchase is of a 'carload,' damages should be computed on the amount usually contained in an ordinary car."

The counts were not subject to demurrer directed thereto.

[2] Moreover, there was no contest on the trial, where the plea was the general issue as to plaintiff's right of recovery; as to this he was entitled to the affirmative charge, which was given by the court.

It has been held that if the party obtaining the judgment was entitled to the affirmative charge, which was given, this would cure certain errors of pleading indicated in the following cases: Lawrenceburg Roller Mills Co. v. Jones & Co., 85 South. 719; [2] Merriweather v. Sayre M. & M. Co., 182 Ala. 665, 62 South. 70; Sou. Ry. Co. v. Harris, 202 Ala. 263, 80 South. 101, 103; Hambright v B. R. L. & P. Co., 201 Ala. 176, 77 South. 702; Conn v. Sellers, 198 Ala. 606, 73 South. 961, 962; Hill v. McBride, 125 Ala. 542, 543, 28 South. 85; Andrews Mfg. Co. v. Porter, 112 Ala. 381, 385, 20 South. 475; Waldman v. M. B. & M. Ins. Co., 91 Ala. 170, 175, 8 South. 666, 24 Am. St. Rep. 883.

[3, 4] We will observe of the evidence that it is undisputed that plaintiff extended the time for performance of the contract (as to the delivery of the three cars of corn in question) until there was repudiation of the contract on the part of defendant and the purchase by plaintiff of three cars of corn at its market price in Birmingham. Under the authorities, the market price is fixed and governed as of the time to which the delivery on contract was so postponed (Lowy v. Rosengrant, 196 Ala. 337, 71 South. 439; Craig v. Pierson L. Co., 179 Ala. 535, 60 South. 838, 35 Cyc. 637); and at the place of delivery (Bell v. Reynolds, 78 Ala. 511, 56 Am. Rep. 52; Creig v. Pierson, supra; Crandall-Pettee Co. v. Jebeles & Colias, 195 Ala. 152, 157, 69 South. 964; Cent. of Ga. Ry. Co. v. Isbell, 198 Ala. 469, 473, 73 South. 648; Curjel & Co. v. Hallett Mfg. Co., 198 Ala. 609, 73 South. 938). The measure of damages for nondelivery is based on the difference between the agreed price and the market price at the time and place of delivery with interest. Vann v. Lunsford, 91 Ala. 576, 8 South. 719; Clements v. Beatty, 87 Ala. 238, 6 South. 151, and foregoing later authorities.

The evidence tended to show that on February 4, 1918, defendant wrote plaintiff, recognizing the contract as executory; that on the day following plaintiff wired defendant he would buy for defendant's account the 3 carloads of corn at the place of delivery, and immediately defendant wired that he had performed the contract in the previous shipments; that is, he claimed to "have already shipped 10 over cars." To this plaintiff replied that he was buying for account of defendant 3 cars of corn, and would send draft on Covington Manufacturing Company for the difference in price between what he would have to pay in the market at the point of delivery and the contract price of the corn. To this defendant replied:

"I had equally as much right to give you so many tons of corn as you had to expect me to ship you so many tons, inasmuch as 20,000 lbs. or ten tons make a minimum car as per railroad schedule. In fact, if you had considered I sold you eleven cars of corn, I would then have given you eleven cars—considerably above the min."—

and again two days later:

"We consider that we have filled our contract in the absence of the terms not being specified as to the number of tons each car should hold, and we shall stand on shipments already made you on any suit you might file against us."

Such was the controversy under the evidence.

[5, 6] The testimony tended further to show without conflict that on the date indicated plaintiff purchased 3 cars of corn in the market at the point of delivery, and billed defendant for the amount paid in excess of the contract price. Thus the uncontradicted evidence showed a breach of the contract by defendant in failing to ship the 3 cars of corn. Under the circumstances of the breach, plaintiff had the right to purchase the corn for defendant's account at the market price at the point of delivery and hold defendant liable for the difference. Thompson v. Strong, 74 South. 34; [3] Ward v. Cotton Seed Products Co., 193 Ala. 101, 69 South. 514.

When the defense is analyzed, it is merely a contention that liability be limited to the minimum capacity of a car, 20,000 pounds. This testimony was confined to the statement of two witnesses, who, in substance, said there was no usual amount of corn contained in the ordinary carload; that the minimum carload of corn a railroad would accept for transportation was 20,000 pounds. Plaintiff's evidence tended to show that ordinarily a car of corn varied from 20,000 to 60,000 pounds.

[7] The foregoing rule by our court for

---

[2] Ante, p. 59.

[3] 199 Ala. 23.

the measure of damages for nondelivery of personal property, pursuant to contract of sale, is in line with the statement of the general rule by Mr. Sutherland in his work on Damages, vol. 2 (4th Ed.) § 651, p. 2279, that—

"If the sale is of a carload of goods, no particular car being specified, the damages are to be assessed on the basis of the quantity which an ordinary car will contain." Seefeld v. Thacker, 93 Wis. 518, 520, 67 N. W. 1142; Floyd v. Mann, 146 Mich. 356, 369, 109 N. W. 679; Menz Lbr. Co. v. McNeeley, 58 Wash. 223, 108 Pac. 621, 28 L. R. A. (N. S.) 1007.

Under the evidence and the oral charge of the court, plaintiff was not confined to a recovery based on the minimum capacity of a car of corn; the question was properly submitted to the jury to determine the amount of the damages, from the evidence, for nondelivery of the 3 cars of corn (in the ear) in the quantity which an ordinary car of corn in the ear contains.

In the oral charge the court submitted to the jury the amount of damages sustained by plaintiff for the breach of the contract, and limited the issue to the amount of corn for which recovery could be had for nondelivery of the three cars purchased saying:

"What amount of corn should those cars have contained—the usual amount—it is not the average; * * * but what was the usual amount of corn that he [plaintiff] had a right to expect to come to him in those 3 cars not delivered, and what is the usual amount, you must find from all of the evidence in this case. * * * Will you put it at 20,000 pounds, 30,000 pounds, or 40,000 pounds—what will you put the 3 cars at? You must get that, not from what you think; but from all of the evidence in this case. * * * So that it is not a question of how much he lost, this plaintiff lost, how much he paid out. * * * He is entitled to recover the difference between what he paid for the corn he did not get and the reasonable market price of the corn when he did buy it—went into the open market and bought it. The difference between the two figures."

[8] Given charge 2, taken in connection with the oral charge and the undisputed evidence that on the date of repudiation of the contract by defendant plaintiff went upon the market at the point of delivery and purchased 3 carloads of corn at its market price after notice and on defendant's account, shows there was no reversible error in its giving.

The measure of damages was properly submitted, and the finding was supported by the evidence. The motion for a new trial was properly refused.

The judgment of the circuit court is affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.