(123 So. 52)

**DOMINEY et al. v. JOHNSON–BROWN CO.**
(4 Div. 432.)

Supreme Court of Alabama.   May 9, 1929.

Rehearing Denied June 27, 1929.

O. S. Lewis, of Dothan, for appellee.

FOSTER, J. ■ The rule is well understood, and frequently expressed, that when there is a contract for the sale of articles of merchandise and some are delivered, but the purchaser fails to pay for them as stipulated, the seller has an election to rescind the contract for such failure, and, if he so elects and complies with the duties enjoined upon him by law in such event, he may refuse to make further deliveries. Lysle Milling Co. v. N. A. Gro. Co., 201 Ala. 222, 77 So. 748; Hieronymus v. Bienville, Water S. Co., 131 Ala. 447, 31 So. 31; Drake v. Goree, 22 Ala. 409; Ackley & Co. v. Hunter-Benn & Co.'s Co., 166 Ala. 295, 51 So. 964; Lowy v. Rosengrant, 196 Ala. 337, 71 So. 439; Worthington v. Gwin, 119 Ala. 44, 24 So. 739, 43 L. R. A. 382.

■ In order to effect such rescission, however, under those circumstances, "it is his duty to notify the opposite party and to give him a reasonable time within which to comply with the terms of the contract." Ackley & Co. v. Hunter-Benn & Co., supra; Elliott v. Howison, 146 Ala. 570, 587, 40 So. 1018; McFadden v. Henderson, 128 Ala. 221, 29 So. 640.

■ If we assume, therefore, that the meaning of the ambiguous terms of the contract was that appellee, the purchaser, was thereby required to pay in cash the entire invoice price of the peanuts as soon as loaded f. o. b. Ozark, yet in order to justify the seller, appellant, in rescinding the contract on account of a failure so to do, and in failing to ship the other car pursuant to the contract, he should have so advised the purchaser and given him an opportunity to pay for them. He did notify the purchaser by telegram the day the peanuts were loaded and shipped, asking for a bank guaranty of draft, and drew a draft for the price, and the next day thereafter the purchaser answered by telegram, offering to have the bank wire guaranteeing payment of the draft for the contract price, and asking for statement of the amount thereof. The telegram from the purchaser was not received until after noon of the day following that on which the seller had sent the one above mentioned. Upon receipt by him of an answer from the purchaser on the next day offering to have the bank guarantee draft and asking for amount, the seller again wired the purchaser as follows: "Waited till after twelve o'clock have placed car elsewhere"—referring to the additional car. Thereupon, on the same day, the purchaser sent another telegram to the seller, express-

Sollie & Sollie, of Ozark, for appellants.

ing the hope that there would be a compliance with the contract; but the additional car was never shipped, and the telegram was not answered by the seller.

We cannot say, therefore, that the verdict was contrary to the evidence predicated in charges (a) and (b), given for appellant, which justify a failure to ship the second car upon the refusal to pay the price of the first car before the seller refused to ship the other. The jury could draw the inference that the purchaser refused to pay, if at all, after and on account of notice by the seller to the effect that he had sold the car to another, which means, we think, a refusal by the seller to ship such other car.

■ As a general rule, and in the absence of special circumstances leading to a different result, the measure of damages in a suit by the purchaser against the seller for the breach of a contract to sell personal property, when the purchase money has not been paid, is the difference between the contract price and the market value of the property agreed to be sold at the time of the breach of the contract and at the place of delivery. McKinney v. Baker, 212 Ala. 490, 103 So. 467; Craig & Co. v. Pierson Lumber Co., 179 Ala. 535, 60 So. 838; Bell v. Reynolds, 78 Ala. 511, 56 Am. Rep. 52; Covington Mfg. Co. v. Ferguson, 204 Ala. 192, 85 So. 726; Crandall-Pettee Co. v. Jebeles, 195 Ala. 152, 69 So. 964. Many authorities to a similiar effect are cited in the cases noted above. This is said to be "upon the principle that the purchaser can readily go into the market and supply himself with the desired goods, by paying the difference in price. When this cannot be done, the reason of the rule ceases, and the rule itself can therefore have no application." Ala. Iron Works v. Hurley, 86 Ala. 217, 5 So. 418, McFadden v. Henderson, supra, page 235 of 128 Ala. (29 So. 644).

■■ If the purchaser goes into the market and purchases such goods as cheaply as he can, this tends to show the market value at that time, and is admissible for that purpose, when properly related as to time and place to the date of the breach of the contract and place of delivery under the contract, and in some cases it is treated as fixing such value. Covington Mfg. Co. v. Ferguson, supra; McFadden v. Henderson, supra; 24 R. C. L. 336; Sunny-South Grain Co. v. Webb-Sumner Oil Co., 20 Ala. App. 311, 101 So. 803. This is admissible, though the product is not purchased at the place of delivery, if it is shown that the market price was substantially the same at both places. Ward v. Cotton Seed Products Co., 193 Ala. 101, 69 So. 514; Ward v. Reynolds, 32 Ala. 384.

In this case the contract obligated the seller to deliver the two cars of peanuts by the 18th of October. The purchaser claims that on November 5th he bought a carload to take the place of that which the seller failed to deliver, for which he paid $200 per ton, which was shown to be the fair market price at that time. The jury in fixing the amount of damages to the plaintiff, seller, was directed by the court, in its general charge, to allow defendant, purchaser, in recoupment (if anything), the difference between the contract price and the amount the purchaser had to pay for the second car, and the jury evidently followed such direction. The evidence tended to show that on October 18th the market value of such peanuts was much less than $200 per ton, and the purchaser had a right to infer that the seller's telegram to the effect that he had placed the car elsewhere meant that the seller thereby was notifying the purchaser that he would not deliver such other car to the seller, and that it was in effect a renunciation of the contract by the seller at that time, which was October 14th.

■ For a renunciation of a contract before time of performance to be an effectual anticipatory breach, the promisee must elect so to treat it. If he does so elect, it becomes a breach of the contract, not otherwise. 3 Williston on Contracts, § 1322 et seq.; Wise v. Sparks, 198 Ala. 96, 73 So. 394; 13 C. J. 653; 6 R. C. L. 1023.

■ There is no declaration by the purchaser that he treated the renunciation as an anticipatory breach, but upon receipt of the notice of renunciation he sent a telegram which expressed the hope that the seller would comply, and thereafter all he did until after the 18th of October to indicate his treatment of the situation was his failure to pay for the car of peanuts which had been shipped. We would say, therefore, that he merely waited until the time arrived for its performance, and, finding that it was not performed by the seller, sought to make him account for the damages for its breach. On October 21st the purchaser notified the seller that he demanded a reduction of $450 from the draft for the purchase price. The jury, in fact, evidently allowed him about $900 in reduction. We think this all taken together shows that the breach was as of October 18th, and not October 14th, the day the seller renounced further performance.

■ We think the court erred in admitting evidence of the value of the peanuts on November 5th, in the absence of a showing that they could not have been purchased in the market on October 18th, or between that date and November 5th. The evidence was that there was a market at the place of delivery on that date, and that they were then and there available for purchase at the market price.

We think, therefore, that the motion for a new trial should have been granted because of the error of the court in admitting evidence of the value of the peanuts on November 5th, to which exception was duly reserved, and because the verdict of the jury in awarding damages to appellant evidently charged him with their value on defendant's

plea of recoupment as of November 5th, rather than October 18th, which made a material difference in the result, to the prejudice of appellant.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and THOMAS. JJ., concur.